## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **B.F. RICH CO., INC.,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO._____** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **CLARENDON NATIONAL** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

### COMPLAINT

B.F. Rich Co., Inc., brings this action against Clarendon National Insurance Company, and in support thereof alleges as follows:

### PARTIES

1.     Plaintiff B.F. Rich Co., Inc. ("B.F. Rich") is a Delaware corporation with its principal place of business located at 322 Ruthar Drive, Newark, Delaware 19711.

2.     Defendant Clarendon National Insurance Company ("Defendant" or "Clarendon") is a New Jersey corporation doing business in the state of Delaware, with its principal place of business at 224 West State Street, Trenton, NJ 08608. Service of process on Clarendon may be made on the Secretary of State of the State of Delaware pursuant to 10 Del. C. §3104.

### JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1332 and 2201, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of costs, interest and attorneys' fees. This

Court has in personam jurisdiction over the Defendant by virtue of its specific activities associated with the matters set forth herein, and by its continuous and systematic conduct of business activities within the State of Delaware.

4.     Venue is proper within the District of Delaware under 28 U.S.C. § 1391(a) and (c) because (i) a substantial part of the events or omissions giving rise to the claim occurred in this District and (ii) the Defendant is subject to personal jurisdiction in this District.

## BACKGROUND

5.     B.F. Rich is a manufacturer of vinyl window and door products that are distributed throughout the Eastern United States.

6.     Clarendon is a commercial insurer that underwrites various types of insurance products including workers' compensation coverage that covers employees for accidents, injuries and diseases arising out of and in the course of employment.

7.     From October 1, 2002, through October 1, 2003, Clarendon insured B.F. Rich under workers' compensation insurance policy number CNBM0037-02 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.

8.     Pursuant to the terms of the Policy, Clarendon was generally responsible for paying all benefits required of B.F. Rich under applicable workers' compensation law. See Policy, p. 1.

9.     In addition to the above, the Policy gave Clarendon "the right and duty to defend . . . any claim, proceeding or suit against [B.F. Rich] for benefits payable by this insurance." Id. Clarendon further had the right to investigate and settle such claims, proceedings or lawsuits. Id.

10. The Policy included a Delaware Deductible Endorsement providing a $250,000 deductible per occurrence for bodily injury claims caused by accident or disease (the "Deductible Endorsement").

11. Pursuant to the Deductible Endorsement, Clarendon was to advance amounts incurred in association with the adjustment and disposition of claims covered by the Policy, then obtain reimbursement for those amounts paid directly from B.F. Rich, up to the applicable limit.

12. Specifically, the Policy provided that Clarendon was to advance "the full amount of benefits, damages and 'allocated loss adjustment expense for each claim [and that B.F. Rich was to] reimburse [Clarendon] promptly for any amount(s) [Clarendon has] paid that are within the deductible amount." Policy, Delaware Deductible Endorsement, p. 1.

13. The Policy further provided that B.F. Rich shall "post a bond, letter of credit or other security . . . in an amount sufficient to fulfill the payment obligations arising under [the Policy's Deductible Endorsement]. Id., p. 3.

14. In early January of 2003, B.F. Rich posted an irrevocable standby letter of credit (the "LOC"), payable upon demand by B.F. Rich, through PNC Bank in the amount of $100,000.

15. The aforementioned LOC was subsequently replaced by a similar letter of credit from WSFS Bank, which was ultimately reduced in amount to $49,946.00 on January 21, 2004.

## THE WINSLEY CLAIM

16. On or about September 16, 2003, Francis Winsley, an Assembler employed in B.F. Rich's Newark, Delaware plant, submitted a workers' compensation claim to B.F. Rich.

17. According to Winsley, he was injured five days earlier, on September 10, 2003, when a co-worker dropped his end of a window he was carrying with Winsley, allegedly causing Winsley to twist his neck.

18. B.F. Rich reported Winsley's alleged incident to Clarendon's claims administrator, RSKCo. ("RSK"), on or about September 17, 2003, and the matter was assigned claim number 05020031223009 (the "Winsley Claim").

19. On or about September 18, 2003, Dona Jackson, B.F. Rich's senior accountant, spoke to a representative from RSK and voiced concerns over certain suspicious aspects of the Winsley Claim.

20. At the time of the aforementioned discussion, Jackson was assured by an RSK representative that the Winsley Claim would be fully investigated.

21. As ultimately revealed, the suspicious aspects of the Winsley Claim included, but were not limited to, the fact that Winsley did not report the claim for five (5) days after the alleged accident, that Winsley has suffered multiple prior back injuries and alleged disability, and that Winsley had filed numerous automobile-related claims between 1988 and 2000.

22. On or about October 8, 2003, Clarendon advised B.F. Rich that the Winsley Claim was compensable without indicating what investigation was done, if any, with respect to the claim.

23.      It is believed and therefore averred that Clarendon accepted the

compensability of the Winsley Claim without conducting any meaningful or substantive

investigation into the facts and background of the case.

24.      In December of 2003 the handling of the Winsley Claim was reassigned

from RSK to North American Risk Services ("NARS").

25.      After the file was reassigned to NARS, B.F. Rich repeatedly expressed

concerns over the continuing compensability of the Winsley Claim and requested that

surveillance and other investigative techniques be utilized to determine whether Winsley

remained entitled to receive workers' compensation benefits.

26.      As suspected by B.F. Rich, surveillance conducted in March of 2004

revealed that Winsley was performing physical activities that were inconsistent with his

purported medical restrictions.

27.      Moreover, an independent medical exam performed in March of 2004

revealed that Winsley was capable of returning to light duty work.

28.      Despite the above, Winsley did not return to light duty work at B.F. Rich

until May 27, 2004.

29.      After returning to work with B.F. Rich in May of 2004, Winsley again

stopped working on June 29, 2004, upon the instruction of his personal physician, Dr. Sternberg.

30.      It is believed and therefore averred that Dr. Sternberg excused Winsley

from work in June of 2004 upon the false belief that the light duty position provided did not

comply with Winsley's physical restrictions.

31.      It is believed and therefore averred that Clarendon continued to pay

Winsley full workers' compensation income benefits after he returned to work in May of 2004.

-5-

32.     On or about October 5, 2004, more than one year after the

Winsley Claim was filed, Clarendon filed a Petition for Review with the Delaware Industrial Accident Board alleging Winsley's disability had terminated or diminished and that Winsley was physically able to return to work.

33.     Despite the objective evidence that indicated Winsley was not entitled to receive workers' compensation benefits, on or about March 24, 2005, Clarendon settled the Winsley Claim for a lump sum payment of $12,500.

34.     Clarendon entered into the aforementioned settlement with Winsley despite the fact that Winsley clearly was not entitled to compensation beyond May of 2004, and without considering the financial ramifications of such a settlement on its insured, B.F. Rich.

## CLARENDON'S EFFORTS TO RECOVER ITS OVERPAYMENTS FROM B.F. RICH

35.     Paragraphs 1 through 34 are incorporated herein by reference.

36.     In order to recover reimbursement from B.F. Rich for amounts paid under the Policy's Deductible Endorsement, Clarendon's third party claims administrator would periodically send B.F. Rich a listing of payments Clarendon had made under the Policy.

37.     The list of payments made by Clarendon would include a request to B.F. Rich for reimbursement of the amounts paid. An example of a payment listing and request for reimbursement is attached hereto as Exhibit B.

38.     At no time did Clarendon provide B.F. Rich with an explanation of the basis for the amounts it had paid on B.F. Rich's behalf.

39.     In 2005, B.F. Rich received from Clarendon a request for reimbursement of amounts paid by Clarendon under the Policy, including amounts paid to settle the Winsley Claim.

40.     After receiving the aforementioned request, Richard Rebmann, B.F. Rich's CFO, contacted Clarendon through its agents and questioned the payments made on the Winsley Claim.

41.     More specifically, Rebmann questioned whether Clarendon had appropriately settled the Winsley Claim and requested information that would allow B.F. Rich to determine the propriety of those payments.

42.     Despite Rebmann's requests for information, Clarendon refused to provide any documentation or other information that would explain the basis for Clarendon's payments in relation to the Winsley Claim.

43.     Clarendon also threatened to draw on the LOC if B.F. Rich did not immediately reimburse Clarendon for amounts paid under the Policy, including amounts paid on the Winsley Claim.

44.     B.F. Rich subsequently had counsel contact Clarendon in an effort to forestall a draw against the LOC while B.F. Rich attempted to determine what amounts were properly paid under the Winsley Claim.

45.     Clarendon ultimately agreed to provide B.F. Rich the information requested relative to the Winsley Claim, and by letter dated May 3, 2006, sent B.F. Rich's counsel a copy of what Clarendon represented was the Winsley claim file.

46.     Clarendon's May 3, 2006 letter also indicated that B.F. Rich's outstanding deductible reimbursement balance was $46,500.56.

47.    After reviewing the materials provided by Clarendon, it was apparent that the vast majority of the Winsley claim file was maintained on two computer disks that were not provided to B.F. Rich's counsel.

48.    On or about May 11, 2006, B.F. Rich's counsel asked Clarendon to provide the previously withheld computer disks.

49.    On May 12, 2006, Kimberly Expression of Clarendon advised that Clarendon would not be providing the aforementioned computer disks, which purportedly contained "privileged work product." Expression's correspondence also indicated that Clarendon would draw on the LOC if B.F. Rich did not send payment in full by May 24, 2006.

50.    On May 25, 2006, Clarendon sent a request to draw on the LOC.

51.    Clarendon subsequently agreed to withhold drawing on the LOC after B.F. Rich's counsel spoke with Barry Stinson of Clarendon and again asked that the withheld claims information be provided.

52.    Subsequently, on or about June 2, 2006, and despite the fact that Clarendon had provided no additional information on the Winsley Claim, Clarendon again advised that it would be drawing on the LOC if B.F. Rich did not pay the requested amount in full.

53.    Being left with no other choice, and facing the possible negative implications of Clarendon's improper draw on the LOC, B.F. Rich paid Clarendon in full on or about June 6, 2006.

## COUNT I – CLAIM FOR ACCOUNTING

54.    Paragraphs 1 through 53 are incorporated herein by reference.

55. At all times relevant hereto, Clarendon acted as B.F. Rich's fiduciary with respect to claim payments being made under the Policy.

56. As B.F. Rich's fiduciary, Clarendon owed B.F. Rich the highest duty of care in relation to B.F. Rich's financial interests, including the duty to inform and advise B.F. Rich of the basis for all payments made on B.F. Rich's behalf.

57. Clarendon failed to satisfy its fiduciary obligations to B.F. Rich by engaging in the actions described more fully herein, including but not limited to the failure to provide B.F. Rich with adequate information to explain the basis for all payments made by Clarendon on B.F. Rich's behalf.

58. As a direct result of Clarendon's breach of its fiduciary duties, as set forth more fully herein, B.F. Rich has been required to pay amounts under the Deductible Endorsement without having sufficient information to determine whether such payments were appropriate.

**WHEREFORE**, Plaintiff B.F. Rich Company, Inc. respectfully requests this Court render a judgment in its favor and against the Defendant requiring Clarendon to demonstrate all activity taken on B.F. Rich's behalf with respect to the Policy, and such further relief as this Court deems just and proper.

## COUNT II - BREACH OF CONTRACT

59. Paragraphs 1 through 58 are incorporated herein by reference.

60. Under the expressed and implied terms of the Policy, Clarendon had a duty to properly administer, investigate, defend, settle and pay all claims brought by B.F. Rich's employees for work-related injuries, accidents and diseases occurring during the Policy's effective period.

61.    Clarendon's duties required it to pay only those workers' compensation benefits that B.F. Rich was legally obligated to pay, and to vigorously defend those that it was not.

62.    Because Clarendon's right and duty to defend and settle claims filed against B.F. Rich were exclusive, B.F. Rich was entirely dependent on Clarendon to exercise those rights and duties so as not to cause artificial, unnecessary, inflated, excessive and improper costs under the Policy, or other costs relating thereto.

63.    Clarendon also assumed an implied obligation to act at all times in good faith and in a commercially reasonable manner in handling claims arising under the Policy.

64.    Clarendon failed to handle the Winsley Claim in compliance with its duties as identified above, which failures include, but are not limited to:

   a.    failing to conduct a proper investigation;

   b.    failing to implement and follow claims practices and procedures within and in accordance with industry accepted and established norms;

   c.    failing to refuse payment for unreasonable or unnecessary treatment or to seek proper administrative relief from making said payments;

   d.    failing to file proper, timely and thorough petitions to modify, suspend or terminate the payment of workers' compensation benefits;

   e.    failing to resolve the Winsley Claim within reasonable loss reserve amounts;

   f.    failing to refuse payment of treatment not causally related to a compensable work-related injury;

   g.    failing to obtain appropriate and thorough independent medical evaluations; and

        h.     failing to deny the Winsley Claim and/or vigorously defend that claim.

65.    As a result of Clarendon's breach of its contractual duties, as set forth more fully above, B.F. Rich has been required to pay amounts under the Deductible Endorsement that it otherwise would not have paid, and will be required to pay excessive premiums to its subsequent workers' compensation insurers as a result of artificial increases in B.F. Rich's Experience Modification Factor ("MOD Factor").

**WHEREFORE**, Plaintiff B.F. Rich Company, Inc. respectfully requests this Court render a judgment in its favor and against the Defendant for compensatory damages, together with interest and costs, including reasonable attorneys' fees and expenses (as allowable by law), and such further relief as this Court deems just and proper.

## COUNT III - INSURANCE BAD FAITH

66.    Paragraphs 1-65 are incorporated herein by reference.

67.    Clarendon had implied and exclusive duties under the Policy to administer, defend, investigate, settle and pay benefits resulting from the Winsley Claim in a manner that complied at all times with the implied contractual duty to act in good faith and consistent with principles of fair dealing, and in a commercially reasonable manner that was beneficial to B.F. Rich.

68.    Because of Clarendon's exclusive rights, B.F. Rich was entirely dependent on Clarendon to protect B.F. Rich's interests regarding the Winsley Claim.

69.    Clarendon has materially breached its implied contractual obligation of good faith and fair dealing, as more fully set forth above, by accepting and paying the Winsley Claim without any reasonable justification for doing so.

70.     As a result of Clarendon's breach of its contractual duties, as set forth more fully above, B.F. Rich has been required to pay amounts under the Deductible Endorsement that it otherwise would not have paid, and will be required to pay excessive premiums to its subsequent workers' compensation insurers as a result of artificial increases in B.F. Rich's Experience Modification Factor ("MOD Factor").

**WHEREFORE**, Plaintiff B.F. Rich Company, Inc. respectfully requests this Court render a judgment in its favor and against the Defendant for compensatory damages, together with interest and costs, including reasonable attorneys' fees and expenses (as allowable by law), and such further relief as this Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT (GOOD FAITH & FAIR DEALING)

71.     Paragraphs 1-70 are incorporated herein by reference.

72.     Clarendon had implied and exclusive duties under the Policy to administer, defend, investigate, settle and pay benefits resulting from the Winsley Claim in a manner that complied at all times with the implied contractual duty to act in good faith and consistent with principles of fair dealing, and in a commercially reasonable manner that was beneficial to B.F. Rich.

73.     Additionally, given the potential for conflict between Clarendon and B.F. Rich arising from the probable residual consequences to B.F. Rich as a result of Clarendon's settlement of the Winsley Claim, Clarendon owed a heightened duty to advise B.F. Rich of the impact of the settlement of the Winsley Claim.

74.     Similarly, because of this potential conflict, Clarendon had a duty to permit B.F. Rich an opportunity to participate in the defense of the Winsley Claim through independent counsel.

75.     Clarendon failed to keep B.F. Rich informed of the status of the Winsley Claim and its financial impact.

76.     Likewise, Clarendon failed to provide B.F. Rich with the opportunity to participate in the resolution of the Winsley Claim through independent counsel.

77.     As a direct result of Clarendon's breach of its contractual duties, as set forth more fully above, B.F. Rich has been required to pay amounts under the Deductible Endorsement that it otherwise would not have paid, and will be required to pay excessive premiums to its subsequent workers' compensation insurers as a result of artificial increases in B.F. Rich's Experience Modification Factor ("MOD Factor").

**WHEREFORE**, Plaintiff B.F. Rich Company, Inc. respectfully requests this Court render a judgment in its favor and against the Defendant for compensatory damages, together with interest and costs, including reasonable attorneys' fees and expenses (as allowable by law), and such further relief as this Court deems just and proper.

SAUL EWING LLP

Kimberly L. Gattuso (DE I.D. No. 3733)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, Delaware 19801-1611
(302) 421-6800 phone
(302) 421-5871 fax
kgattuso@saul.com

Attorneys for B.F. Rich Company, Inc.

DATE: January 26, 2007

# EXHIBIT A

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY    WC 89 06 00 B

(Ed. 7-01)

## POLICY INFORMATION PAGE ENDORSEMENT

The following Item(s)

- [x] Insured's Name (WC 89 06 01)
- [ ] Policy Number (WC 89 06 02)
- [ ] Effective Date (WC 89 06 03)
- [ ] Expiration Date (WC 89 06 04)
- [x] Insured's Mailing Address (WC 89 06 05)
- [ ] Experience Modification (WC 89 04 06)
- [ ] Producer's Name (WC 89 06 07)
- [ ] Change in Workplace of Insured (WC 89 06 08)
- [ ] Insured's Legal Status (WC 89 06 10)

- [ ] Item 3.A. States (WC 89 06 11)
- [ ] Item 3.B. Limits (WC 89 06 12)
- [ ] Item 3.C. States (WC 89 06 13)
- [ ] Item 3.D. Endorsement Numbers (WC 89 06 14)
- [x] Item 4.* Class, Rate, Other (WC 89 04 15)
- [ ] Interim Adjustment of Premium (WC 89 04 16)
- [ ] Carrier Servicing Office (WC 89 06 17)
- [ ] Interstate/Intrastate Risk ID Number (WC 89 06 18)
- [ ] Carrier Number (WC 89 06 19)
- [ ] Issuing Agency/Producer Office Address (WC 89 06 25)

Is changed to read:

Mailing Address: PO Box 8800, 77 Merrimack Street
                 Penacook, NH, 03303
Insured's Name: Riverside Millwork Co. ✓

* Item 4. Change To:

| Classifications | Code No. | Premium Basis Total Estimated Annual Remuneration | Rate Per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| See WC 00 00 01A<br>See WC 00 00 01B | | | | |

Total Estimated Annual Premium $

Minimum Premium $                           Deposit Premium $

All other terms and conditions of this policy remain unchanged.

Any premium adjustment is subject to audit.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective  02/04/2003  Policy No. CNBM0037-02      Endorsement No.
Insured Riverside Millwork Co.                                  Premium $ N/A

Insurance Company                          Countersigned by _____ SRVP

CLARENDON NATIONAL INSURANCE COMPANY

NCCI Carrier Code No. 25461                Policy Period 10/01/2002 to 10/01/2003

WC 89 06 00 B
(Ed. 7-01)

© 2001 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 89 06 00 B

(Ed. 7-01)

## POLICY INFORMATION PAGE ENDORSEMENT

The following Item(s)

☐ Insured's Name (WC 89 06 01)                    ☐ Item 3.A. States (WC 89 06 11)
☐ Policy Number (WC 89 06 02)                     ☐ Item 3.B. Limits (WC 89 06 12)
☐ Effective Date (WC 89 06 03)                    ☐ Item 3.C. States (WC 89 06 13)
☐ Expiration Date (WC 89 06 04)                   ☐ Item 3.D. Endorsement Numbers (WC 89 06 14)
☐ Insured's Mailing Address (WC 89 06 05)         ☒ Item 4.* Class, Rate, Other (WC 89 04 15)
☒ Experience Modification (WC 89 04 06)           ☐ Interim Adjustment of Premium (WC 89 04 16)
☐ Producer's Name (WC 89 06 07)                   ☐ Carrier Servicing Office (WC 89 06 17)
☐ Change in Workplace of Insured (WC 89 06 08)    ☐ Interstate/Intrastate Risk ID Number (WC 89 06 18)
☐ Insured's Legal Status (WC 89 06 10)            ☐ Carrier Number (WC 89 06 19)
                                                  ☐ Issuing Agency/Producer Office Address (WC 89 06 25)

is changed to read:

NCCI Experience Modification Factor:  1.010, Revised

### * Item 4. Change To:

| Classifications | Code No. | Premium Basis Total Estimated Annual Remuneration | Rate Per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| See WC 00 00 01A See WC 00 00 01B | | | | .. |

Total Estimated Annual Premium $

**Minimum  Premium  $**                          **Deposit Premium $**

**All other terms and conditions of this policy remain unchanged.**

Any premium adjustment is subject to audit.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective  10/01/2002   Policy No. CNBM0037-02        Endorsement No.
Insured Chariot Management, Inc.                                  Premium $ N/A

Insurance Company                          Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

NCCI Carrier Code No. 25461                Policy Period 10/01/2002 to 10/01/2003

WC 89 06 00 B
(Ed. 7-01)

© 2001 National Council on Compensation Insurance.

WC 00 00 01 A

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

### Information Page

CLARENDON NATIONAL INSURANCE COMPANY
A Stock Company
1177 Avenues of the Americas
New York, NY 10036

CNBM0037-02
Policy Number

CNBM0037-01
Renewal of Policy Number

13-3851186
Federal I.D. Number

Carrier No    25461

Branch          013

Risk I.D. Number

1 The Insured:    Chariot Management, Inc.

_____ Individual
_____ Partnership
___X___ Corporation
_____ Other - _____

Mailing address: 1020 Springfield Ave.
                 Mountainside, NJ 07092-2986

Other workplaces not shown above: See Schedule

2. The policy period is from  10/01/2002  to  10/01/2003  at the Insured's mailing address.

3. A. Workers Compensation Insurance: Part One of the policy applies to the Workers Compensation Law of the states
   listed here: AL, MA, DE, CT, GA, MA, VT, NC, NH, NY, VA, MD, PA, ME

   B. Employers Liability Insurance: Part Two of the policy applies to work in each state listed in item 3.A. The limits of
   our liability under Part Two are:
   Bodily Injury by Accident   $ ___500,000___ each accident
   Bodily Injury by Disease    $ ___500,000___ policy limit
   Bodily Injury by Disease    $ ___500,000___ each employee

   C. Other States Insurance: Part Three of the policy applies to the states, if any, listed here:
   All states and U.S. territories except North Dakota, Ohio, Washington,
   West Virginia, Wyoming, Puerto Rico, the U.S. Virgin Islands, and states
   designated in Item 3.A. of the Information Page.

   D. This policy includes these endorsements and schedules:  See Schedule

4. The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans.
   All information required below is subject to verification and change by audit.

| Classification | Code No. | Premium Basis Total Estimated Annual Remuneration | Rate Per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| See Item 4. Extension WC 00 00 01A For Rating & Assessments | | | | |

|  |  |
|---|---|
| Premium for increased limits Part Two, if applicable | 17,167 |
| Drug Free Credits | |
| Safety Credit | |
| Total premium subject to the experience modification | 996,244 |
| Premium modified to reflect experience modification   See Schedule | 953,519 |
| Other premium charges | 20 |
| Total Estimated Standard Premium | 953,519 |
| Deductible Discount | -672,231 |
| Total Estimated Premium | 281,288 |
| Minimum Premium (29.50% of Std Premium) | 281,288 |
| Deposit Premium | 23,448 |

Premium Adjustment Period: Annual          Countersigned by: _____

Name of Producer: Security Risk Managers P.O. Box 120099  Nashville TN 37219-0099

Servicing Office:  Colonial Risk, Inc.          Date Produced:  11/22/2002

Copyright 1987 National Council on Compensation Insurance.

Original

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative.


Dr. Detlef Steiner, President                                    Gary Ketels, Secretary

WC 00 00 01 B

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

### Information Page

| | |
|---|---|
| CLARENDON NATIONAL INSURANCE COMPANY | CNBM0037-02 |
| A Stock Company | Policy Number |
| 1177 Avenues of the Americas | CNBM0037-01 |
| New York, NY 10036 | Renewal of Policy Number |
| | 13-3851186 |
| Carrier No.        25461 | Federal I.D. Number |
| Branch             013 | |
| N.J. Taxpayer Identification No. _____ | Risk I.D. Number |

1. The Insured:    Chariot Management, Inc.

_____ Individual
_____ Partnership
__X__ Corporation
_____ Other -  _____

Mailing address: 1020 Springfield Ave.
Mountainside, NJ 07092-2986

Other workplaces not shown above: See Schedule

2. The policy period is from  10/01/2002  to  10/01/2003  at the Insured's mailing address.

3. A. Workers Compensation Insurance: Part One of the policy applies to the Workers Compensation Law of the states listed here: NJ

B. Employers Liability Insurance: Part Two of the policy applies to work in each state listed in item 3.A. The limits of our liability under Part Two are:

Bodily Injury by Accident   $  500,000   each accident
Bodily Injury by Disease    $  500,000   policy limit
Bodily Injury by Disease    $  500,000   each employee

C. Other States Insurance: Part Three of the policy applies to the states, if any, listed here:
All states and U.S. territories except North Dakota, Ohio, Washington, West Virginia, Wyoming, Puerto Rico, the U.S. Virgin Islands, and states designated in Item 3.A. of the Information Page.

D. This policy includes these endorsements and schedules: See Schedule

4. The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classification | Code No. | Premium Basis Total Estimated Annual Remuneration | Rate Per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| See Item 4. Extension WC 00 00 01B For Rating & Assessments | | | | |

| | |
|---|---|
| Premium for increased limits Part Two, if applicable | 13 |
| Total premium subject to the experience modification | 673 |
| Premium modified to reflect experience modification of  1.000 | 673 |
| NJCCPAP Credit              <              > | |
| Managed Care Credit       ··· | |
| Other premium charges | |
| Total Estimated Standard Premium | 673 |
| Deductible Discount | -474 |
| Expense Constant Charge | |
| Total Estimated Premium | 199 |
| Second Injury Fund Surcharge | 60.00 |
| Uninsured Employers Fund Surcharge | |
| Minimum Premium ( 29.50% of Std Premium) | 199 |
| Deposit Premium | 23.00 |

Premium Adjustment Period:  Annual

Name of Producer: Security Risk Managers P.O. Box 120099  Nashville TN
37212-0099

Servicing Office:       Colonial Risk, Inc.

Countersigned by:

Date Produced:      11/22/2002

© Compensation Rating and Inspection Bureau          Original

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative.

Dr. Detlef Steiner, President

Gary Ketels, Secretary

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | | | POLICY NO  CNBM0037-02 | |
|---|---|---|---|---|---|
| | | | | PAGE NO                1 | |
| | | | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | | Subject to Modification | All Other |
| AL-1 Intrastate I.D. 917488657 LOC. 1 AL | | | | | |
| From 10/01/2002   To 10/01/2003 | | | | | |
| DOOR, Sash or Assembled Millwork MFG - WOOD & Drivers | 2802 | 3,500,000 | 7.86 | 275,100 | |
| SALESPERSONS, Collectors or Messengers - OUTSIDE | 8742 | 210,000 | 1.39 | 2,919 | |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | 875,000 | 0.49 | 4,288 | |
| SALESPERSONS, Collectors or Messengers - OUTSIDE | 8742 | IF ANY | 1.39 | 0 | |
| Employer's Liability (in 000's) Limit: 500/500/500 | 9807 | | 0.017 | 4,799 | |
| TOTAL UNMODIFIED PREMIUM | | | | 287,106 | |
| Experience Modification Revised | 9898 | | 1.000 | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 287,106 | |
| STANDARD PREMIUM | | | | 287,106 | |
| TOTAL ESTIMATED PREMIUM | | | | 287,106 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | | POLICY NO. CNBM0037-02 | | | |
|---|---|---|---|---|---|---|
| | | | PAGE NO 2 | | | |
| | | | | Rates Per $100 of Remun-eration | Estimated Annual Premiums | |
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | | | Subject to Modification | All Other |
| MA-20 Intrastate I.D. 917488657 LOC. 1 MA | | | | | | |
| From 10/01/2002   To 10/01/2003 | | | | | | |
| BUILDING MATERIAL DEALER - new materials only: STORE EMPLOYEES | 8058 | 407,000 | | 2.73 | 11,111 | |
| BUILDING MATERIAL DEALER - new materials only: ALL OTHER EMPLOYEES & yard, warehouse, Drivers | 8232 | 120,000 | | 5.20 | 6,240 | |
| SALESPERSONS, Collectors or Messengers - OUTSIDE | 8742 | 625,000 | | 0.29 | 1,813 | |
| Employer's Liability (in 000's) Limit: 500/500/500 | 9807 | | | 0.010 | 192 | |
| TOTAL UNMODIFIED PREMIUM | | | | | 19,356 | |
| Experience Modification Revised | 9898 | | | 1.000 | 0 | |
| TOTAL MODIFIED PREMIUM | | | | | 19,356 | |
| STANDARD PREMIUM | | | | | 19,356 | |
| All Risk Adjustment Program | 0277 | | | 1.000 | 0 | |
| Loss Management Credit | 9880 | | | 0.000 | 0 | |
| TOTAL ESTIMATED PREMIUM | | | | | 19,356 | |
| DIA Assessment | | ... | | 0.0470 | 910.00 | |
| TOTAL MA ASSESSMENTS | | | | | 910.00 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4 CONTINUED | | POLICY NO CNBM0037-02 PAGE NO 3 | | | |
|---|---|---|---|---|---|
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun-eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| DE-7 Intrastate I.D. 3327 LOC. 1 DE | | | | | |
| From 10/01/2002   To 10/01/2003 | | | | | |
| SALESMEN (Outside) - Collectors and Messengers | 951 | 62,895 | 1.02 | 642 | |
| Clerical OFFICE Employees | 953 | 1,356,788 | 0.53 | 7,191 | |
| PLASTIC Articles MFG., N.O.C. | 222 | 3,596,799 | 8.14 | 292,779 | |
| TRUCKING, N.O.C. | 811 | 199,946 | 13.48 | 26,953 | |
| Employer's Liability (in 000's)   Limit: 500/500/500 | 9807 | | 0.019 | 6,224 | |
| TOTAL UNMODIFIED PREMIUM | | | | 333,789 | |
| Experience Modification   Final | 9898 | | 0.872 | -42,725 | |
| TOTAL MODIFIED PREMIUM | | | | 291,064 | |
| STANDARD PREMIUM | | | | 291,064 | |
| TOTAL ESTIMATED PREMIUM | | | | 291,064 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | | POLICY NO. CNBM0037-02 PAGE NO. 4 | | |
|---|---|---|---|---|---|
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun-eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| CT-6 Intrastate I.D. 917488657 LOC. 1 CT | | | | | |
| From 10/01/2002   To 10/01/2003 | | | | | |
| BUILDING MATERIAL DEALER - new materials only: STORE EMPLOYEES | 8058 | 67,000 | 4.12 | 2,760 | |
| BUILDING MATERIAL DEALER - new materials only: ALL OTHER EMPLOYEES & yard, warehouse, Drivers | 8232 | 108,000 | 7.39 | 7,981 | |
| SALESPERSONS, Collectors or Messengers - OUTSIDE | 8742 | 126,000 | 0.83 | 1,046 | |
| Employer's Liability (in 000's) Limit: 500/500/500 | 9807 | | 0.017 | 200 | |
| TOTAL UNMODIFIED PREMIUM | | | | 11,987 | |
| Experience Modification Revised | 9898 | | 1.000 | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 11,987 | |
| STANDARD PREMIUM | | | | 11,987 | |
| TOTAL ESTIMATED PREMIUM | | | | 11,987 | |
| CT SIF Surcharge Connecticut Fund Assessment CT - F Classification Assessment | | | 0.0950 0.0220 0.099 | 1,139.00 264.00 0.00 | |
| TOTAL CT ASSESSMENTS | | ... | . | 1,403.00 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY<br>EXTENSION OF INFORMATION PAGE<br>ITEM 4 CONTINUED | | | | POLICY NO CNBM0037-02<br>PAGE NO. 5 | |
|---|---|---|---|---|---|
| CLASSIFICATION OF OPERATIONS | CODE NO | Estimated Total Annual Remuneration | Rates Per $100 of Remun-eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| GA-10 Intrastate I.D. 917488657<br>LOC. 1<br>GA | | | | | |
| From 10/01/2002   To 10/01/2003 | | | | | |
| SALESPERSONS, Collectors or<br>Messengers - OUTSIDE | 8742 | IF ANY | 0.50 | 0 | |
| Employer's Liability (in 000's)<br>  Limit: 500/500/500 | 9807 | | 0.019 | 0 | |
| TOTAL UNMODIFIED PREMIUM | | | | 0 | |
| Experience Modification<br>  Revised | 9898 | | 1.000 | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 0 | |
| STANDARD PREMIUM | | | | 0 | |
| TOTAL ESTIMATED PREMIUM | | | | 0 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4 CONTINUED | | | | POLICY NO CNBM0037-02 | | |
|---|---|---|---|---|---|---|
| | | | | PAGE NO 6 | | |
| | | | | | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
| | | | CODE NO | Estimated Total Annual Remuneration | | Subject to Modification | All Other |
| CLASSIFICATION OF OPERATIONS | | | | | | | |
| MA-20 Intrastate I.D. 917488657 LOC. 1 MA | | | | | | | |
| From 10/01/2002   To 10/01/2003 | | | | | | | |
| BUILDING MATERIAL DEALER - new materials only: STORE EMPLOYEES | | | 8058 | IF ANY | 2.73 | 0 | |
| SALESPERSONS, Collectors or Messengers - OUTSIDE | | | 8742 | IF ANY | 0.29 | 0 | |
| Employer's Liability (in 000's) Limit: 500/500/500 | | | 9807 | | 0.010 | 0 | |
| TOTAL UNMODIFIED PREMIUM | | | | | | 0 | |
| Experience Modification Revised | | | 9898 | | 1.000 | 0 | |
| TOTAL MODIFIED PREMIUM | | | | | | 0 | |
| STANDARD PREMIUM | | | | | | 0 | |
| All Risk Adjustment Program | | | 0277 | | 1.000 | 0 | |
| Loss Management Credit | | | 9880 | | 0.000 | 0 | |
| TOTAL ESTIMATED PREMIUM | | | | | | 0 | |
| DIA Assessment | | | | | 0.0470 | 0.00 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | | | POLICY NO. CNBM0037-02 PAGE NO ___7___ | |
|---|---|---|---|---|---|
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| VT-44 Intrastate I.D. 917480657 LOC. 1 VT | | | | | |
| From 10/01/2002   To 10/01/2003 | | | | | |
| SALESPERSONS, Collectors or Messengers - OUTSIDE | 8742 | 40,000 | 0.93 | 372 | |
| CARPENTRY - INSTALLATION of CABINET WORK or INTERIOR TRIM | 5437 | 36,000 | 8.46 | 3,046 | |
| Employer's Liability (in 000's)   Limit: 500/500/500 | 9807 | | 0.017 | 58 | |
| TOTAL UNMODIFIED PREMIUM | | | | 3,476 | |
| Experience Modification   Revised | 9898 | | 1.000 | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 3,476 | |
| STANDARD PREMIUM | | | | 3,476 | |
| TOTAL ESTIMATED PREMIUM | | | | 3,476 | |
| VT Administration Fund Assessment 0.01100 | | | | 38.00 | |
| TOTAL VT ASSESSMENTS | | | | 38.00 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | POLICY NO CNBM0037-02 | | | |
|---|---|---|---|---|---|
| | | PAGE NO 8 | | | |
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| NC-32 Intrastate I.D. 917488657 LOC. 1 NC | | | | | |
| From 10/01/2002    To 10/01/2003 | | | | | |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | IF ANY | 0.32 | 0 | |
| SALESPERSONS, Collectors or Messengers - OUTSIDE | 8742 | 43,603 | 0.57 | 249 | |
| Employer's Liability (in 000's) Limit: 500/500/500 | 9807 | | 0.017 | 4 | |
| TOTAL UNMODIFIED PREMIUM | | | | 253 | |
| Experience Modification Revised | 9898 | | 1.000 | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 253 | |
| STANDARD PREMIUM | | | | 253 | |
| TOTAL ESTIMATED PREMIUM | | | | 253 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | | | POLICY NO CNBM0037-02 PAGE NO 9 | |
|---|---|---|---|---|---|
| CLASSIFICATION OF OPERATIONS | CODE NO | Estimated Total Annual Remuneration | Rates Per $100 of Remun-eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| NH-28 Intrastate I.D. 917488657 LOC. 1 NH | | | | | |
| From 10/01/2002   To 10/01/2003 | | | | | |
| CARPENTRY - SHOP ONLY - & Drivers | 2802 | 2,384,000 | 9.27 | 220,997 | |
| CARPENTRY - INSTALLATION of CABINET WORK or INTERIOR TRIM | 5437 | 119,000 | 11.03 | 13,126 | |
| BUILDING MATERIAL DEALER - new materials only: STORE EMPLOYEES | 8058 | 614,000 | 5.70 | 34,998 | |
| BUILDING MATERIAL DEALER - new materials only: ALL OTHER EMPLOYEES & yard, warehouse, Drivers | 8232 | 709,000 | 6.20 | 43,958 | |
| SALESPERSONS, Collectors or Messengers - OUTSIDE | 8742 | 1,418,147 | 0.73 | 10,352 | |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | 1,752,000 | 0.40 | 7,008 | |
| Employer's Liability (in 000's)   Limit: 500/500/500 | 9807 | | 0.017 | 5,617 | |
| TOTAL UNMODIFIED PREMIUM | | | | 336,056 | |
| Experience Modification   Revised | 9898 | | 1.000 | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 336,056 | |
| STANDARD PREMIUM | | | | 336,056 | |
| TOTAL ESTIMATED PREMIUM | | | | 336,056 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4 CONTINUED | | | | POLICY NO. CNBM0037-02 | |
|---|---|---|---|---|---|
| | | | | PAGE NO. 10 | |
| CLASSIFICATION OF OPERATIONS | CODE NO | Estimated Total Annual Remuneration | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| NJ-29 LOC. 1 NJ | | | | | |
| From 10/01/2002   To 10/01/2003 | | | | | |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | 275,000 | 0.24 | 660 | |
| Employer's Liability (in 000's) Limit: 500/500/500 | 9807 | | 0.019 | 13 | |
| TOTAL UNMODIFIED PREMIUM | | | | 673 | |
| Experience Modification Contingent | 9898 | | 1.000 | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 673 | |
| STANDARD PREMIUM | | | | 673 | |
| TOTAL ESTIMATED PREMIUM | | | | 673 | |
| Second Injury Fund Surcharge | 0935 | | 0.0889 | 60.00 | |
| Uninsured Employers Fund Surcharge | 0936 | | 0.0000 | 0.00 | |
| TOTAL NJ ASSESSMENTS | | | | 60.00 | |

WC 00 00 01B

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | | | POLICY NO. CNBM0037-02 | |
|---|---|---|---|---|---|
| | | | | PAGE NO 11 | |
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| NY-31 Intrastate I.D. 917488657 LOC. 1 NY | | | | | |
| From 10/01/2002  To 10/01/2003 | | | | | |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | IF ANY | 0.35 | 0 | |
| TOTAL UNMODIFIED PREMIUM | | | | 0 | |
| Experience Modification Revised | 9898 | | 1.000 | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 0 | |
| Construction Class Premium Adjustment Program | 9046 | | | 0 | |
| Safety Incentive Plan | 9746 | | | 0 | |
| STANDARD PREMIUM | | | | 0 | |
| TOTAL ESTIMATED PREMIUM | | | | 0 | |
| New York State Assessment | | | | 0.00 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4. CONTINUED | | | POLICY NO. CNBM0037-02 | | |
|---|---|---|---|---|---|
| | | | PAGE NO. 12 | | |
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun-eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| VA-45 Intrastate I.D. 917488657 LOC. 1 VA | | | | | |
| From 10/01/2002    To 10/01/2003 | | | | | |
| SALESPERSONS, Collectors or Messengers - OUTSIDE | 8742 | 79,462 | 0.36 | 286 | |
| Employer's Liability (in 000's) Limit: 500/500/500 | 9807 | | 0.019 | 5 | |
| TOTAL UNMODIFIED PREMIUM | | | | 291 | |
| Experience Modification Revised | 9898 | | 1.000 | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 291 | |
| STANDARD PREMIUM | | | | 291 | |
| TOTAL ESTIMATED PREMIUM | | | | 291 | |

WC 00 00 01A

| | | | | | |
|---|---|---|---|---|---|
| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY<br>EXTENSION OF INFORMATION PAGE<br>ITEM 4 CONTINUED | | POLICY NO CNBM0037-02<br>PAGE NO _____ 13 _____ | | | |
| CLASSIFICATION OF OPERATIONS | CODE<br>NO | Estimated Total<br>Annual<br>Remuneration | Rates Per<br>$100 of<br>Remun-<br>eration | Estimated Annual Premiums | |
| | | | | Subject to<br>Modification | All Other |
| MD-19 Intrastate I.D. 917488657<br>LOC. 1<br>MD | | | | | |
| From 10/01/2002  To 10/01/2003 | | | | | |
| SALESPERSONS, Collectors or<br>Messengers - OUTSIDE | 8742 | 48,482 | 0.58 | 281 | |
| Employer's Liability (in 000's)<br>  Limit: 500/500/500 | 9807 | | 0.017 | 5 | |
| TOTAL UNMODIFIED PREMIUM | | | | 286 | |
| Experience Modification<br>  Revised | 9898 | | 1.000 | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 286 | |
| STANDARD PREMIUM | | | | 286 | |
| TOTAL ESTIMATED PREMIUM | | | | 286 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4 CONTINUED | | POLICY NO. CNBM0037-02 | | | |
|---|---|---|---|---|---|
| | | PAGE NO. 14 | | | |
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| PA-37 LOC. 1 PA | | | | | |
| From 10/01/2002    To 10/01/2003 | | | | | |
| SALESPERSON - OUTSIDE | 951 | 98,768 | 0.90 | 889 | |
| Employer's Liability (in 000's) Limit: 500/500/500 | 9807 | | 0.019 | 17 | |
| TOTAL UNMODIFIED PREMIUM | | | | 906 | |
| TOTAL MODIFIED PREMIUM | | | | 906 | |
| STANDARD PREMIUM | | | | 906 | |
| TOTAL ESTIMATED PREMIUM | | | | 906 | |
| Pennsylvania Employer Assessment | 0938 | | 0.0337 | 31.00 | |
| TOTAL PA ASSESSMENTS | | | | 31.00 | |

WC 00 00 01A

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY EXTENSION OF INFORMATION PAGE ITEM 4 CONTINUED | | | | POLICY NO CNBM0037-02 | |
|---|---|---|---|---|---|
| | | | | PAGE NO 15 | |
| CLASSIFICATION OF OPERATIONS | CODE NO. | Estimated Total Annual Remuneration | Rates Per $100 of Remun- eration | Estimated Annual Premiums | |
| | | | | Subject to Modification | All Other |
| ME-18 Intrastate I.D. 917480657 LOC. 1 ME | | | | | |
| From 10/01/2002  To 10/01/2003 | | | | | |
| BUILDING MATERIAL DEALER - new materials only: STORE EMPLOYEES | 8058 | 60,000 | 2.41 | 1,446 | |
| SALESPERSONS, Collectors or Messengers - OUTSIDE | 8742 | 140,000 | 0.89 | 1,246 | |
| Employer's Liability (in 000's) Limit: 500/500/500 | 9807 | | 0.017 | 46 | |
| TOTAL UNMODIFIED PREMIUM | | | | 2,738 | |
| Experience Modification Revised | 9898 | | 1.000 | 0 | |
| TOTAL MODIFIED PREMIUM | | | | 2,738 | |
| STANDARD PREMIUM | | | | 2,738 | |
| TOTAL ESTIMATED PREMIUM | | | | 2,738 | |
| ME  WC Board Administrative Fund Assessment:  0.01540 | | | | 42.00 | |
| ME Supplemental Benefits Fund Surcharge:  0.02460 | | | | 67.00 | |
| TOTAL ME ASSESSMENTS | | | | 109.00 | |

WC 00 00 01A

Item 1    Extension Schedule

Schedule of Locations

001-001    Chariot Management
           P.O. Box 8800
           Penacock, NH. 03303
           Fein # 13-3851186

001-002    Chariot Management
           1020 Springfield Avenue
           Mountainside, NJ. 07092
           Fein # 13-3851186

001-003    Chariot Management
                        1020 Springfield Ave.
                        Mountainside, NJ 07092

002-001    B.F. Rich Company, Inc.
           3222 Ruthar Drive
           Harmony Business Park
           Newark, DE. 19711
           Fein # 13-3851186

002-002    B.F. Rich Company, Inc.
           307 D Pamona Drive
           Greensboro, NC. 27407
           Fein # 13-3851186

003-001    Jenkins Manufacturing Co., Inc.
           1608 Frank Akers Street
           Anniston, AL. 36202
           Fein # 13-3851186

004-001    Riverside Millwork Co., Inc.
           77 Merrimack Street
           Penacook, NH. 03303
           Fein # 13-3851186

004-002    Riverside Millwork Co., Inc.
           322 Amherst Street
           Nashau, NH. 03060
           Fein # 13-3851186

004-003    Riverside Millwork Co., Inc.
           76 Otis Street
           Westborough, MA. 01581
           Fein # 13-3851186

Insured:    Chariot Management, Inc.
Policy Number: CNBM0037-02
Effective Date: 10/01/2002

Item 1    Extension Schedule

Schedule of Locations

004-004    Riverside Millwork Co., Inc.
    3310 Berlin Turnpike
    Newington, CT. 06111
    Fein # 13-3851186

004-005    Riverside Millwork Co., Inc.
    Route 44, Lakeport Park
    Middleboro, MA. 02346
    Fein # 13-3851186

004-006    Riverside Millwork, Co., Inc.
    70 Heritage Avenue
    Portsmouth, NH. 03802
    Fein # 13-3851186

004-007    Riverside Millwork, Co., Inc.
    484 O Station Avenue
    South Yarmouth, MA. 02676
    Fein # 13-3851186

004-008    Riverside Millwork Co., Inc.
    152 US Route #1
    Scarboro, ME. 04074
    Fein # 13-3851186

004-009    Riverside Millwork Co., Inc.
    15 Columbia Road
    Unit #5
            Pembroke, MA 02359
    Fein # 13-3851186

Insured:    Chariot Management, Inc.
Policy Number: CNBM0037-02
Effective Date: 10/01/2002

Item 3.D.    Extension Schedule

Schedule of Forms and Endorsements

| Form Number: | Edition: | Description: |
|---|---|---|
| CLNHDE 101 | | Deductible Endorsement - AL, GA, VA, MD, ME |
| CLNHDE 103 | | Deductible Endorsement - PA |
| CLNHDE 107 | | New Hampshire Deductible Endorsement |
| CLNHDE 109 | | New York Deductible Endorsement |
| CLNHDE 113 | | Deductible Endorsement - MA, DE, CT, MA, NC |
| END SCHD | 5-89 | Item 3D - Schedule of Forms and Endorsements |
| INST SCH | 1-94 | Schedule of Installments |
| LOC SCND | 5-89 | Item 1A - Schedule of Locations |
| WC 00 00 00 A | 4-92 | Workers Compensation and Employers Liability Insurance Policy |
| WC 00 00 01 A | 1-90 | Information Page |
| WC 00 00 01 B | 7-96 | NJ Information Page |
| WC 00 00 01 EXT | 1-90 | Item 4 - Extension of Information Page |
| WC 00 04 12 | 1-90 | Contingent Experience Rating Modification Factor Endorsement |
| WC 00 04 14 | 7-90 | Notification of Change in Ownership Endorsement |
| WC 00 04 19 | 1-01 | Premium Due Date Endorsement |
| WC 06 03 01 | 4-84 | Connecticut Application of Workers Compensation Insurance Endorsement |
| WC 06 03 03 B | 4-96 | Connecticut Workers Compensation Funds Endorsement |
| WC 07 04 08 | 7-99 | Delaware Merit Rating Plan Endorsement |
| WC 07 06 01 | 7-88 | Delaware Nonrenewal Endorsement |
| WC 10 06 01 A | 4-93 | Georgia Cancelation, Nonrenewal And Change Endorsement |
| WC 18 04 06 A | 9-96 | Maine Notice Of Surcharge Endorsement |
| WC 18 06 01 | 4-84 | Maine Inspection Immunity Endorsement (Title 14 Maine Revised Statutes Annotated Section 167) |
| WC 18 06 03 A | 6-95 | Maine Cancelation And Nonrenewal Endorsement |
| WC 18 06 04 | 5-88 | Maine Final Premium Audit Endorsement |
| WC 18 06 06 | 8-99 | Maine Notice of Filing of First Reports of Injury Within Seven Days Endorsement |
| WC 18 06 07 | 1-02 | Maine Supplemental Benefits Fund Endorsement |
| WC 19 06 01 B | 6-01 | Maryland Cancellation Endorsement |
| WC 20 03 01 | 4-84 | Massachusetts Limits Of Liability Endorsement |
| WC 20 03 02 | 5-86 | Massachusetts - Assessment Charge |
| WC 20 03 03 B | 7-99 | Massachusetts Notice To Policyholder Endorsement |
| WC 20 04 05 | 6-01 | Massachusetts Premium Due Date Endorsement |
| WC 20 06 01 | 6-92 | Massachusetts Cancelation Endorsement |
| WC 28 04 02 | 1-94 | New Hampshire Managed Care Endorsement |
| WC 28 06 01 | 4-84 | New Hampshire Sole Representative Endorsement |
| WC 28 06 04 | 4-92 | New Hampshire Amendatory Endorsement |
| WC 29 03 06 A | 1-01 | New Jersey Part Two Employers Liability Endorsement |
| WC 29 06 01 A | 1-94 | New Jersey Large Risk - Large Deductible Endorsement |
| WC 31 03 08 | 4-84 | New York Limit Of Liability Endorsement |
| WC 31 03 19 A | 10-99 | New York Construction Classification Premium Adjustment Program Explanatory Endorsement |
| WC 32 03 01 B | 10-01 | North Carolina Amended Coverage Endorsement |

**Insured:**     Chariot Management, Inc.
**Policy Number:** CNBM0037-02
**Effective Date:** 10/01/2002

Item 3.D.    Extension Schedule

| Schedule of Forms and Endorsements | | |
|---|---|---|
| Form Number: | Edition: | Description: |
| WC 37 06 01 | 4-84 | Special Pennsylvania Endorsement - Inspection Of Manuals |
| WC 37 06 02 | 4-84 | Pennsylvania Notice |
| WC 37 06 03 A | 8-95 | Pennsylvania Act 86-1986 Endorsement |
| WC 44 06 01 | 4-84 | Vermont Law Endorsement |
| WC 44 06 02 A | 9-91 | Vermont Cancelation and Nonrenewal Endorsement |
| WC 45 06 02 | 7-93 | Virginia Amendatory Endorsement |

Insured:      Chariot Management, Inc.
Policy Number: CNBM0037-02
Effective Date: 10/01/2002

Extension Schedule

Schedule of Installments

| Date Due | Premium | Taxes | Total Due |
|----------|---------|-------|-----------|
| 10/01/2002 | 23,460.00 | 2,484.00 | 25,944.00 |
| 11/01/2002 | 23,457.00 | 0.00 | 23,457.00 |
| 12/01/2002 | 23,457.00 | 0.00 | 23,457.00 |
| 01/01/2003 | 23,457.00 | 0.00 | 23,457.00 |
| 02/01/2003 | 23,457.00 | 0.00 | 23,457.00 |
| 03/01/2003 | 23,457.00 | 0.00 | 23,457.00 |
| 04/01/2003 | 23,457.00 | 0.00 | 23,457.00 |
| 05/01/2003 | 23,457.00 | 0.00 | 23,457.00 |
| 06/01/2003 | 23,457.00 | 0.00 | 23,457.00 |
| 07/01/2003 | 23,457.00 | 0.00 | 23,457.00 |
| 08/01/2003 | 23,457.00 | 0.00 | 23,457.00 |
| 09/01/2003 | 23,457.00 | 0.00 | 23,457.00 |
| Totals: | 281,487.00 | 2,484.00 | 283,971.00 |

Insured:      Chariot Management, Inc.
Policy Number: CNBM0037-02
Effective Date: 10/01/2002

\

## AL, GA, VA, MD, ME
## DEDUCTIBLE ENDORSEMENT

This deductible endorsement applies only to the insurance provided by the policy, and is applicable to all states listed in Item 3.A. of the Information Page.

This deductible endorsement applies between you and us. It does not affect or alter the rights of others under this policy.

| Coverage | Deductible Amount: Basis |
|---|---|
| Bodily Injury By Accident | $  250,000 each occurrence |
| Bodily Injury By Disease | $  250,000 each claim |
| All Covered Bodily Injury (105.00% of Std. Premium) | $ 1,001,902 aggregate |

A.    How This Deductible Applies

    1.    Each Occurrence: Each Claim

        You are responsible, up to the deductible amount shown above, for the total of:

        a.    all benefits required of you by the workers compensation law (including benefits payable under PART THREE - OTHER STATES INSURANCE or under any endorsement); plus

        b.    all sums you legally must pay as damages; plus

        c.    all "allocated loss adjustment expenses" as part of any claim or suit we defend;

        because of (1) bodily injury by accident to your employees arising out of any one "occurrence"; (2) bodily injury by disease to your employees arising out of any one "claim."

        We are responsible for those amounts of benefits, damages and "allocated loss adjustment expense" that exceed the applicable deductible amount shown above.

        We may advance part or all of the deductible amount to settle any claim, proceeding or suit.  You will reimburse us promptly for any amount(s) we have so advanced.

    2.    Policy Period Aggregate

        The amount shown above as "aggregate", is the most you must pay for the sum of all benefits, damages and "allocated loss adjustment expense" because of bodily injury by accident and bodily injury by disease for each policy period.

        The "aggregate" will not be reduced if:

        (a)    this endorsement is issued for a term of less than (1) year, or

Copyright 1990 National Council on Compensation Insurance

    (b)    the policy or this endorsement is cancelled by you or by us before the end of the policy period.

B.    Effect of Deductible on Limits of Liability

    1    With respect to the Employers Liability Insurance provided by this policy, the applicable "each employee", "each accident", "policy" or other similar limits of liability are reduced by the sum of all damages (but not "allocated loss adjustment expense") within the applicable deductible amount shown above. Those limits are not in addition to the deductible amount. This provision applies whether the Employers Liability Insurance is provided by PART TWO or by an endorsement to this policy

    2.    For purpose of this paragraph B., all damages because of bodily injury by accident or bodily injury by disease are deemed to have been paid or to be payable before "allocated loss adjustment expense" has been paid or is payable

C.    Definitions

    1.    "Allocated loss adjustment expense" means claim adjustment expense directly allocated by us to a particular claim. Such expense shall include, but shall not be limited to, attorney's fees for claims in suit, court and other specific items of expense such as medical examination, expert medical or other testimony, laboratory and X-ray, autopsy, stenographic, witnesses and summonses, and copies of documents.

    2.    "Claim" means a written demand you receive for:

        a.    benefits required of you by the workers compensation law; or

        b.    damages covered by this policy;

    including a filing by your employee for such benefits with an agency authorized by law, and a suit or other proceeding brought by your employee for such benefits or damages. "By your employee" includes such action taken by others legally entitled to do so on his or her behalf.

    All claims for benefits or damages because of bodily injury by the same or related diseases to any one person will be considered as one claim when determining how the deductible amounts apply.

    3.    "Occurrence" means a single accident which results in bodily injury to one or more of your employees.

D.    Conditions

    1.    Recovery From Others

    We have your rights and the rights of persons entitled to the benefits of this insurance to recover all advances and payments, including those within the deductible amount from anyone liable for the injury. You will do everything necessary to protect those rights for us and to help us enforce them.

Copyright 1990 National Council on Compensation Insurance

WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY                                    CLNHDE.101

If we recover any advance or payment made under this policy from anyone liable for the injury, the amount we recover will first be applied to any payments made by us in excess of the deductible amount, only then will the remainder of that recovery, if any, be applied to reduce the deductible amount paid or reimbursed or reimbursable by you.

2.   Cancellation

You must (a) promptly pay all amounts for which you are responsible under this endorsement, and (b) reimburse us for any such amounts that we advance upon receipt of a billing from us.

If you fail to do so, we may, at our option, cancel either this endorsement or this policy by mailing or delivering to you not less than thirty days written notice stating the day and hour the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.

3.   Your Duties

a.   The first Named Insured shown in the Declarations agrees and is authorized on behalf of all Named Insureds to reimburse us for all deductible amounts that we advance.

b.   Each Named Insured is jointly and severally liable for all deductible amounts under this policy.

c.   The first Named Insured shall post a bond, letter of credit or other security approved by us in an amount sufficient to fulfill the payment obligations arising under this endorsement.

4.   Other Rights and Duties (Ours and Yours)

All other terms of this policy, including those which govern (a) our right and duty to defend any claim, proceeding or suit against you, and (b) your duties if injury occurs, apply irrespective of application of this deductible endorsement.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective   10/01/2002   Expiration          Policy No.  CNBM0037-02

Insured Chariot Management, Inc.                         Endorsement No.
Insurance Company                                        Premium $

CLARENDON NATIONAL INSURANCE COMPANY

                                        Countersigned by

CLNHDE.101

Page 3 of 3

Copyright 1990 National Council on Compensation Insurance

WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY                              CLNHDE.103

## PA
### DEDUCTIBLE ENDORSEMENT

This deductible endorsement applies only to the insurance provided by the policy, and is applicable to all states listed in Item 3.A. of the Information Page.

This deductible endorsement applies between you and us. It does not affect or alter the rights of others under this policy.

| Coverage | Deductible Amount: Basis |
|---|---|
| Bodily Injury By Accident | $     250,000 each occurrence |
| Bodily Injury By Disease | $     250,000 each claim |
| All Covered Bodily Injury (105.00% of Std. Premium) | $  1,001,902 aggregate |

A.    How This Deductible Applies

    1.    Each Occurrence: Each Claim

        You are responsible, up to the deductible amount shown above, for the total of:

        a.    all benefits required of you by the workers compensation law (including benefits payable under PART THREE - OTHER STATES INSURANCE or under any endorsement); plus

        b.    all sums you legally must pay as damages; plus

        c.    all "allocated loss adjustment expense" as part of any claim or suit we defend;

        because of (1) bodily injury by accident to your employees arising out of any one "occurrence"; (2) bodily injury by disease to your employees arising out of any one "claim."

        We will advance up to the amount of the deductible to settle any claim, proceeding or suit. You will reimburse us promptly for any amount(s) we have so advanced.

        We are responsible for those amounts of benefits, damages and "allocated loss adjustment expense" that exceed the applicable deductible amount shown above.

    2.    Policy Period Aggregate

        The amount shown above as "aggregate", is the most you must pay for the sum of all benefits, damages and "allocated loss adjustment expense" because of bodily injury by accident and bodily injury by disease for each policy period.

        The "aggregate" will not be reduced if:

Includes copyright material of the National Council on Compensation Insurance used with permission.
© 1991 National Council on Compensation Insurance.

Case 1:07-cv-00051-JJF    Document 1-2    Filed 01/26/2007    Page 32 of 86

       (a)     this endorsement is issued for a term of less than (1) year, or

       (b)     the policy or this endorsement is cancelled by you or by us before the end of the policy period.

B.    Effect of Deductible on Limits of Liability

    1.    With respect to the Employers Liability Insurance provided by this policy, the applicable "each employee", "each accident", "policy" or other similar limits of liability are reduced by the sum of all damages (but not "allocated loss adjustment expense") within the applicable deductible amount shown above. Those limits are not in addition to the deductible amount. This provision applies whether the Employers Liability Insurance is provided by PART TWO or by an endorsement to this policy

    2.    For purpose of this paragraph B., all damages because of bodily injury by accident or bodily injury by disease are deemed to have been paid or to be payable before "allocated loss adjustment expense" has been paid or is payable.

C.    Definitions

    1.    "Allocated loss adjustment expense" means claim adjustment expense directly allocated by us to a particular claim. Such expense shall include, but shall not be limited to, attorney's fees for claims in suit, court and other specific items of expense such as medical examination, expert medical or other testimony, laboratory and X-ray, autopsy, stenographic, witnesses and summonses, and copies of documents.

    2.    "Claim" means a written demand you receive for:

       a.     benefits required of you by the workers compensation law; or

       b.     damages covered by this policy;

    including a filing by your employee for such benefits with an agency authorized by law, and a suit or other proceeding brought by your employee for such benefits or damages. "By your employee" includes such action taken by others legally entitled to do so on his or her behalf.

    All claims for benefits or damages because of bodily injury by the same or related diseases to any one person will be considered as one claim when determining how the deductible amounts apply.

    3.    "Occurrence" means a single accident which results in bodily injury to one or more of your employees.

D.    Conditions

    1.    Recovery From Others

Includes copyright material of the National Council
on Compensation Insurance used with permission.
© 1991 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY                                      CLNHDE.103

We have your rights and the rights of persons entitled to the benefits of this insurance to recover all advances and payments, including those within the deductible amount from anyone liable for the injury. You will do everything necessary to protect those rights for us and to help us enforce them.

If we recover any advance or payment made under this policy from anyone liable for the injury, the amount we recover will first be applied to any payments made by us in excess of the deductible amount, only then will the remainder of that recovery, if any, be applied to reduce the deductible amount reimbursed or reimbursable by you.

2.    Cancellation

You must (a) promptly pay all amounts for which you are responsible under this endorsement, and (b) reimburse us for any such amounts that we advance upon receipt of a billing from us.

If you fail to do so, we may, at our option, cancel either this endorsement or this policy by mailing or delivering to you not less than ten days written notice stating the day and hour the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.

3.    Your Duties

a.    The first Named Insured shown in the Declarations agrees and is authorized on behalf of all Named Insureds to reimburse us for all deductible amounts that we advance.

b.    Each Named Insured is jointly and severally liable for all deductible amounts under this policy.

c.    The first Named Insured shall post a bond, letter of credit or other security approved by us in an amount sufficient to fulfill the payment obligations arising under this endorsement.

4.    Other Rights and Duties (Ours and Yours)

All other terms of this policy, including those which govern (a) our right and duty to defend any claim, proceeding or suit against you, and (b) your duties if injury occurs, apply irrespective of application of this deductible endorsement.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective   10/01/2002      Expiration                    Policy No.  CNBM0037-02

Insured Chariot Management, Inc.

Insurance Company                                                      Endorsement No.
                                                                       Premium $

CLARENDON NATIONAL INSURANCE COMPANY

                                                        Countersigned by

Includes copyright material of the National Council
on Compensation Insurance used with permission.
© 1991 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY                    CLNHDE.107

NEW HAMPSHIRE

DEDUCTIBLE ENDORSEMENT

This deductible endorsement applies only to the insurance provided by the policy, and is applicable to all states listed in Item 3.A. of the Information Page.

This deductible endorsement applies between you and us. It does not affect or alter the rights of others under this policy.

| Coverage | Deductible Amount: Basis |
|---|---|
| Bodily Injury By Accident | $ 250,000 each occurrence |
| Bodily Injury By Disease | $ 250,000 each claim |
| All Covered Bodily Injury (105.00% of Std. Premium) | $ 1,001,902 aggregate |

A.    How This Deductible Applies

1.    Each Occurrence: Each Claim

You are responsible, up to the deductible amount shown above, for the total of:

a.    all benefits required of you by the workers compensation law (including benefits payable under PART THREE - OTHER STATES INSURANCE or under any endorsement); plus

b.    all sums you legally must pay as damages; plus

c.    all "allocated loss adjustment expenses" as part of any claim or suit we defend;

because of (1) bodily injury by accident to your employees arising out of any one "occurrence"; (2) bodily injury by disease to your employees arising out of any one "claim."

We will advance up to the amount of the deductible to settle any claim, proceeding or suit. You will reimburse us promptly for any amount(s) we have so advanced.

We are responsible for those amounts of benefits, damages and "allocated loss adjustment expense" that exceed the applicable deductible amount shown above.

2.    Policy Period Aggregate

The amount shown above as "aggregate", is the most you must pay for the sum of all benefits, damages and "allocated loss adjustment expense" because of bodily injury by accident and bodily injury by disease for each policy period.

The "aggregate" will not be reduced if:

(a)    this endorsement is issued for a term of less than (1) year, or

CLNHDE.107                                                        Page 1 of 3

Includes copyright material of the National Council on Compensation Insurance.  ©1990 National Council on Compensation Insurance

(b)   the policy or this endorsement is cancelled by you or by us before the end of the policy period.

B.   Effect of Deductible on Limits of Liability

1.   With respect to the Employers Liability Insurance provided by this policy, the applicable "each employee", "each accident", "policy" or other similar limits of liability are reduced by the sum of all damages (but not "allocated loss adjustment expense") within the applicable deductible amount shown above. Those limits are not in addition to the deductible amount. This provision applies whether the Employers Liability Insurance is provided by PART TWO or by an endorsement to this policy

2.   For purpose of this paragraph B., all damages because of bodily injury by accident or bodily injury by disease are deemed to have been paid or to be payable before "allocated loss adjustment expense" has been paid or is payable.

C.   Definitions

1.   "Allocated loss adjustment expense" means claim adjustment expense directly allocated by us to a particular claim. Such expense shall include, but shall not be limited to, attorney's fees for claims in suit, court and other specific items of expense such as medical examination, expert medical or other testimony, laboratory and X-ray, autopsy, stenographic, witnesses and summonses, and copies of documents.

2.   "Claim" means a written demand you receive for:

a.   benefits required of you by the workers compensation law; or

b.   damage covered by this policy;

including a filing by your employee for such benefits with an agency authorized by law, and a suit or other proceeding brought by your employee for such benefits or damages. "By your employee" includes such action taken by others legally entitled to do so on his or her behalf.

All claims for benefits or damages because of bodily injury by the same or related diseases to any one person will be considered as one claim when determining how the deductible amounts apply.

3.   "Occurrence" means a single accident which results in bodily injury to one or more of your employees.

D.   Conditions

1.   Recovery From Others

We have your rights and the rights of persons entitled to the benefits of this insurance to recover all advances and payments, including those within the deductible amount from anyone liable for the injury. You will do everything necessary to protect those rights for us and to help us enforce them.

Includes copyright material of the National Council on Compensation Insurance.  ©1990 National Council on Compensation Insurance

CLNHDE.107

If we recover any advance or payment made under this policy from anyone liable for the injury, the amount we recover will first be applied to any payments made by us in excess of the deductible amount, only then will the remainder of that recovery, if any, be applied to reduce the deductible amount paid or reimbursed or reimbursable by you

2.    Cancellation

You must (a) promptly pay all amounts for which you are responsible under this endorsement, and (b) reimburse us within 30 days for any such amounts that we advance upon receipt of a billing from us.

If you fail to do so, we may, at our option, cancel either this endorsement or this policy by mailing or delivering to you not less than 45 days written notice stating the day and hour the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice. We may keep the amount of unearned premium that will reimburse us for the amounts that you own under this endorsement. These rights are in addition to other rights that we may have to be reimbursed.

3.    Your Duties

a.    The first Named Insured shown in the Declarations agrees and is authorized on behalf of all Named Insureds to reimburse us for all deductible amounts that we advance.

b.    Each Named Insured is jointly and severally liable for all deductible amounts under this policy.

c.    The first Named Insured shall post a bond, letter of credit or other security approved by us in an amount sufficient to fulfill the payment obligations arising under this endorsement.

4.    Other Rights and Duties (Ours and Yours)

All other terms of this policy, including those which govern (a) our right and duty to defend any claim, proceeding or suit against you, and (b) your duties if injury occurs, apply irrespective of application of this deductible endorsement.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective    10/01/2002    Expiration                    Policy No.  CNBM0037-02

Insured  Chariot Management, Inc.
Insurance Company                                                       Endorsement No.
                                                                        Premium $

CLARENDON NATIONAL INSURANCE COMPANY

                                            Countersigned by

CLNHDE.107                                                              Page 3 of 3

Includes copyright material of the National Council on Compensation Insurance.    ©1990 National Council on Compensation Insurance

WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY                    CLNHDE.109

)    .. _ ___ _   __ __ _   ___ _   __ __ _   ___ _    __ _ _

### NEW YORK

### DEDUCTIBLE ENDORSEMENT

This deductible endorsement applies only to the insurance provided by the policy, and is applicable to all states listed in Item 3.A. of the Information Page.

This deductible endorsement applies between you and us. It does not affect or alter the rights of others under this policy.

| Coverage | Deductible Amount: Basis |
|---|---|
| Bodily Injury By Accident | $    250,000 each occurrence |
| Bodily Injury By Disease | $    250,000 each claim |
| All Covered Bodily Injury ( 105.00% of Std. Premium) | $ 1,001,902 aggregate |

A.    How This Deductible Applies

1.    Each Occurrence: Each Claim

You are responsible, up to the deductible amount shown above, for the total of:

a.    all benefits required of you by the workers compensation law (including benefits payable under PART THREE - OTHER STATES INSURANCE or under any endorsement); plus

b.    all sums you legally must pay as damages; plus

c.    all "allocated loss adjustment expenses" as part of any claim or suit we defend;

because of (1) bodily injury by accident to your employees arising out of any one "occurrence"; (2) bodily injury by disease to your employees arising out of any one "claim."

We will advance part or all of the deductible amount to settle any claim, proceeding or suit. You will reimburse us promptly for any amount(s) we have so advanced.

We are responsible for those amounts of benefits, damages and "allocated loss adjustment expense" that exceed the applicable deductible amount shown above.

2.    Policy Period Aggregate

The amount shown above as "aggregate", is the most you must pay for the sum of all benefits, damages and "allocated loss adjustment expense" because of bodily injury by accident and bodily injury by disease for each policy period.

**CLNHDE.109**                                                    Page 1 of 3
001.195297

WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY                    CLNHDE.109

The "aggregate" will not be reduced if:

(a)    this endorsement is issued for a term of less than (1) year, or

(b)    the policy or this endorsement is cancelled by you or by us before the end of the
policy period.

B.    Definitions

1.    "Allocated loss adjustment expense" means claim adjustment expense directly allocated
by us to a particular claim. Such expense shall include, but shall not be limited to,
attorney's fees for claims in suit, court and other specific items of expense such as
medical examination, expert medical or other testimony, laboratory and X-ray, autopsy,
stenographic, witnesses and summonses, and copies of documents.

2.    "Claim" means a written demand you receive for:

a.    benefits required of you by the workers compensation law; or

b.    damages covered by this policy;

including a filing by your employee for such benefits with an agency authorized by law,
and a suit or other proceeding brought by your employee for such benefits or damages.
"By your employee" includes such action taken by others legally entitled to do so on his
or her behalf.

All claims for benefits or damages because of bodily injury by the same or related
diseases to any one person will be considered as one claim when determining how the
deductible amounts apply.

3.    "Occurrence" means a single accident which results in bodily injury to one or more of
your employees.

C.    Conditions

1.    Recovery From Others

We have your rights and the rights of persons entitled to the benefits of this insurance to
recover all advances and payments, including those within the deductible amount from
anyone liable for the injury. You will do everything necessary to protect those rights for
us and to help us enforce them.

If we recover any advance or payment made under this policy from anyone liable for the injury,
the amount we recover will first be applied to any payments made by us in excess of the
deductible amount, only then will the remainder of that recovery, if any, be applied to reduce
the deductible amount paid or reimbursed or reimbursable by you.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY                                    CLNHDE.109

2.    Cancellation

You must (a) promptly pay all amounts for which you are responsible under this
endorsement, and (b) reimburse us for any such amounts that we advance upon receipt of
a billing from us.

If you fail to do so, we may, at our option, cancel either this endorsement or this policy
by mailing or delivering to you not less than thirty days written notice stating the day and
hour the cancellation is to take effect. If cancellation is due to nonpayment of premium,
such cancellation shall not be effective until at least ten days after notice of the
cancellation is filed in the Office of the New York Workers' Compensation Chairman and
delivered to you. Mailing that notice to you at your mailing address shown in Item 1 of
the Information Page will be sufficient to prove notice.

3.    Your Duties

a.    The first Named Insured shown in the Declarations agrees and is authorized on
behalf of all Named Insureds to reimburse us for all deductible amounts that we
advance.

b.    Each Named Insured is jointly and severally liable for all deductible amounts
under this policy.

c.    The first Named Insured shall post a bond, letter of credit or other security
approved by us in an amount sufficient to fulfill the payment obligations arising
under this endorsement.

d.    There are additional premium taxes and assessments payable based on all loss
reimbursements paid by the Insured on losses under this policy. Each Named
Insured is jointly and severally liable for such additional premium taxes and
assessments. You will reimburse us for these additional amounts at the same
time as a loss reimbursement is made.

4.    Other Rights and Duties (Ours and Yours)

All other terms of this policy, including those which govern (a) our right and duty to
defend any claim, proceeding or suit against you, and (b) your duties if injury occurs,
apply irrespective of application of this deductible endorsement.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective   10/01/2002     Expiration              Policy No. CNBM0037-02

Insured Chariot Management, Inc.
                                                     Endorsement No.
Insurance Company                                    Premium $

CLARENDON NATIONAL INSURANCE COMPANY

                                     Countersigned by

CLNHDE.109
                                                                        Page 3 of 3
001.195297

WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY                    CLNHDE.113

---

MA, DE, CT, MA, NC
DEDUCTIBLE ENDORSEMENT

This deductible endorsement applies only to the insurance provided by the policy, and is applicable to all states listed in Item 3.A. of the Information Page.

This deductible endorsement applies between you and us. It does not affect or alter the rights of others under this policy.

| Coverage | Deductible Amount: Basis |
|---|---|
| Bodily Injury By Accident | $    250,000 each occurrence |
| Bodily Injury By Disease | $    250,000 each claim |
| All Covered Bodily Injury (105.00% of Std. Premium) | $  1,001,902 aggregate |

A.    How This Deductible Applies

    1.    Each Occurrence: Each Claim

        We will pay the full amount of benefits, damages and "allocated loss adjustment expense" for each claim. You will reimburse us promptly for any amounts we have paid that are within the deductible amount shown above, for the total of:

        a.    all benefits required of you by the workers compensation law (including benefits payable under PART THREE - OTHER STATES INSURANCE or under any endorsement); plus

        b.    all sums you legally must pay as damages; plus

        c.    all "allocated loss adjustment expense" as part of any claim or suit we defend;

        because of (1) bodily injury by accident to your employees arising out of any one "occurrence"; (2) bodily injury by disease to your employees arising out of any one "claim."

        Notwithstanding any applicable deductible, you must report to us any claim or suit within this insurance. We shall have the right and duty to defend any such claim or suit.

        Nonpayment of deductible amounts by you will not relieve us from payment of compensation for injuries sustained by an employee during this policy's effective period.

    2.    Policy Period Aggregate

        The amount shown above as "aggregate", is the most you must pay for the sum of all benefits, damages and "allocated loss adjustment expense" because of bodily injury by accident and bodily injury by disease for each policy period.

        The "aggregate" will not be reduced if:

WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY                    CLNHDE.113

        (a)    this endorsement is issued for a term of less than (1) year, or

        (b)    the policy or this endorsement is cancelled by you or by us before the
              end of the policy period.

B.    Effect of Deductible on Limits of Liability

    1.    With respect to the Employers Liability Insurance provided by this policy, the applicable
        "each employee", "each accident", "policy" or other similar limits of liability are reduced
        by the sum of all damages (but not "allocated loss adjustment expense") within the
        applicable deductible amount shown above. Those limits are not in addition to the
        deductible amount. This provision applies whether the Employers Liability Insurance is
        provided by PART TWO or by an endorsement to this policy

    2.    For purpose of this paragraph B., all damages because of bodily injury by accident or
        bodily injury by disease are deemed to have been paid or to be payable before "allocated
        loss adjustment expense" has been paid or is payable.

C.    Definitions

    1.    "Allocated loss adjustment expense" means claim adjustment expense directly allocated
        by us to a particular claim. Such expense shall include, but shall not be limited to,
        attorney's fees for claims in suit, court and other specific items of expense such as
        medical examination, expert medical or other testimony, laboratory and X-ray, autopsy,
        stenographic, witnesses and summonses, and copies of documents.

    2.    "Claim" means a written demand you receive for:

        a.    benefits required of you by the workers compensation law; or

        b.    damages covered by this policy;

        including a filing by your employee for such benefits with an agency authorized by law,
        and a suit or other proceeding brought by your employee for such benefits or damages.
        "By your employee" includes such action taken by others legally entitled to do so on his
        or her behalf.

        All claims for benefits or damages because of bodily injury by the same or related
        diseases to any one person will be considered as one claim when determining how the
        deductible amounts apply.

    3.    "Occurrence" means a single accident which results in bodily injury to one or more of
        your employees.

D.    Conditions

    1.    Recovery From Others

        We have your rights and the rights of persons entitled to the benefits of this insurance to
        recover all advances and payments, including those within the deductible amount from
        anyone liable for the injury. You will do everything necessary to protect those rights for
        us and to help us enforce them.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY                    CLNHDE.113

If we recover any amounts that we have paid under this policy from anyone liable for the injury, the amount we recover will first be applied to any payments made by us in excess of the deductible amount. Only then will the remainder of that recovery, if any, be applied to reduce the deductible amount reimbursed or reimbursable by you.

2.    Cancellation

You must reimburse us for any such amounts that we pay within the deductible within thirty (30) days of receipt of a billing from us.

If you fail to do so, we may cancel this policy by mailing or delivering to you not less than thirty (30) days written notice stating the day and hour the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.

This policy will not be cancelled retroactively for nonpayment of deductible amounts.

3.    Your Duties

a.    The first Named Insured shown in the Declarations agrees and is authorized on behalf of all Named Insureds to reimburse us for all amounts that we pay within the deductible.

b.    Each Named Insured is jointly and severally liable for all deductible amounts under this policy.

c.    The first Named Insured shall post a bond, letter of credit or other security approved by us in an amount sufficient to fulfill the payment obligations arising under this endorsement.

4.    Other Rights and Duties (Ours and Yours)

All other terms of this policy, including those which govern (a) our right and duty to defend any claim, proceeding or suit against you, and (b) your duties if injury occurs, apply irrespective of application of this deductible endorsement.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The Information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective   10/01/2002    Expiration              Policy No.  CNBM0037-02
Insured Chariot Management, Inc.
Insurance Company                                              Endorsement No.
                                                                   Premium $

CLARENDON NATIONAL INSURANCE COMPANY

                                            Countersigned by

CLNHDE.113                                                                   Page 3 of 3

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

In return for the payment of the premium and subject to all terms of this policy, we agree with you as follows.

### GENERAL SECTION

A.  The Policy

This policy includes at its effective date the Information Page and all endorsements and schedules listed there. It is a contract of insurance between you (the employer named in Item 1 of the Information Page) and us (the insurer named on the Information Page). The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy.

B.  Who Is Insured

You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

C.  Workers Compensation Law

Workers Compensation Law means the workers or workmen's compensation law and occupational disease law of each state or territory named in Item 3.A. of the Information Page. It includes any amendments to that law which are in effect during the policy period. It does not include any federal workers or workmen's compensation law, any federal occupational disease law or the provisions of any law that provide nonoccupational disability benefits.

D.  State

State means any state of the United States of America, and the District of Columbia.

E.  Locations

This policy covers all of your workplaces listed in Items 1 or 4 of the Information Page; and it covers all other workplaces in Item 3.A. states unless you have other insurance or are self-insured for such workplaces.

### PART ONE
### WORKERS COMPENSATION INSURANCE

A  How This Insurance Applies

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1.  Bodily injury by accident must occur during the policy period.

2.  Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

B.  We Will Pay

We will pay promptly when due the benefits required of you by the workers compensation law.

C.  We Will Defend

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

D.  We Will Also Pay

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding or suit we defend:

1.  reasonable expenses incurred at our request, but not loss of earnings;

2.  premiums for bonds to release attachments and for appeal bonds in bond amounts up to the amount payable under this insurance;

3.  litigation costs taxed against you;

4.  interest on a judgment as required by law until we offer the amount due under this insurance; and

5.  expenses we incur.

E.  Other Insurance

We will not pay more than our share of benefits and costs covered by this insurance and other

1 of 6

© 1991 National Council on Compensation Insurance.

WC  00  00  00  A        WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

(Ed. 4-92)

insurance or self-insurance. Subject to any limits of liability that may apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance will be equal until the loss is paid.

F   Payments You Must Make

You are responsible for any payments in excess of the benefits regularly provided by the workers compensation law including those required because:

1.  of your serious and willful misconduct;

2.  you knowingly employ an employee in violation of law;

3.  you fail to comply with a health or safety law or regulation; or

4.  you discharge, coerce or otherwise discriminate against any employee in violation of the workers compensation law.

If we make any payments in excess of the benefits regularly provided by the workers compensation law on your behalf, you will reimburse us promptly.

G.  Recovery From Others

We have your rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the injury. You will do everything necessary to protect those rights for us and to help us enforce them.

H.  Statutory Provisions

These statements apply where they are required by law.

1.  As between an injured worker and us, we have notice of the injury when you have notice.

2.  Your default or the bankruptcy or insolvency of you or your estate will not relieve us of our duties under this insurance after an injury occurs.

3.  We are directly and primarily liable to any person entitled to the benefits payable by this insurance. Those persons may enforce our duties; so may an agency authorized by law. Enforcement may be against us or against you and us.

4.  Jurisdiction over you is jurisdiction over us for purposes of the workers compensation law. We are bound by decisions against you under that law, subject to the provisions of this policy that are not in conflict with that law.

5.  This insurance conforms to the parts of the

workers compensation law that apply to:

a.  benefits payable by this insurance;

b.  special taxes, payments into security or other special funds, and assessments payable by us under that law.

6.  Terms of this insurance that conflict with the workers compensation law are changed by this statement to conform to that law.

Nothing in these paragraphs relieves you of your duties under this policy.

PART TWO
EMPLOYERS LIABILITY INSURANCE

A.  How This Insurance Applies

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1.  The bodily injury must arise out of and in the course of the injured employee's employment by you.

2.  The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.

3.  Bodily injury by accident must occur during the policy period.

4.  Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5.  If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

B.  We Will Pay

We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

1.  for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed

2 of 6

C  1991 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 00 00 00 A

(Ed. 4-92)

against such third party as a result of injury to your employee;

2. for care and loss of services; and

3. for consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee;

provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4. because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

C. Exclusions

This insurance does not cover:

1. liability assumed under a contract. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

2. punitive or exemplary damages because of bodily injury to an employee employed in violation of law;

3. bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers;

4. any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

5. bodily injury intentionally caused or aggravated by you;

6. bodily injury occurring outside the United States of America, its territories or possessions, and Canada. This exclusion does not apply to bodily injury to a citizen or resident of the United States of America or Canada who is temporarily outside these countries;

7. damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions;

8. bodily injury to any person in work subject to the Longshore and Harbor Workers' Compensation Act (33 USC Sections 901-950), the Nonappropriated Fund Instrumentalities Act (5 USC Sections 8171-8173), the Outer Conti-

nental Shelf Lands Act (43 USC Sections 1331-1356), the Defense Base Act (42 USC Sections 1651-1654), the Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901-942), any other federal workers or workmen's compensation law or other federal occupational disease law, or any amendments to these laws;

9. bodily injury to any person in work subject to the Federal Employers' Liability Act (45 USC Sections 51-60), any other federal laws obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course of employment, or any amendments to those laws;

10. bodily injury to a master or member of the crew of any vessel;

11. fines or penalties imposed for violation of federal or state law; and

12. damages payable under the Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801-1872) and under any other federal law awarding damages for violation of those laws or regulations issued thereunder, and any amendments to those laws.

D. We Will Defend

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

E. We Will Also Pay

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding, or suit we defend:

1. reasonable expenses incurred at our request, but not loss of earnings;

2. premiums for bonds to release attachments and for appeal bonds in bond amounts up to the limit of our liability under this insurance;

3. litigation costs taxed against you;

4. interest on a judgment as required by law until we offer the amount due under this insurance; and

5. expenses we incur.

3 of 6

© 1991 National Council on Compensation Insurance.

WC  00  00  00  A          WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

(Ed. 4-92)

F.  Other Insurance

We will not pay more than our share of damages and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance and self-insurance will be equal until the loss is paid.

G.  Limits of Liability

Our liability to pay for damages is limited. Our limits of liability are shown in Item 3.B. of the Information Page. They apply as explained below.

1.  Bodily Injury by Accident. The limit shown for "bodily injury by accident—each accident" is the most we will pay for all damages covered by this insurance because of bodily injury to one or more employees in any one accident.

A disease is not bodily injury by accident unless it results directly from bodily injury by accident.

2.  Bodily Injury by Disease. The limit shown for "bodily injury by disease—policy limit" is the most we will pay for all damages covered by this insurance and arising out of bodily injury by disease, regardless of the number of employees who sustain bodily injury by disease. The limit shown for "bodily injury by disease—each employee" is the most we will pay for all damages because of bodily injury by disease to any one employee.

Bodily injury by disease does not include disease that results directly from a bodily injury by accident.

3.  We will not pay any claims for damages after we have paid the applicable limit of our liability under this insurance.

H.  Recovery From Others

We have your rights to recover our payment from anyone liable for an injury covered by this insurance. You will do everything necessary to protect those rights for us and to help us enforce them.

I.  Actions Against Us

There will be no right of action against us under this insurance unless:

1.  You have complied with all the terms of this policy; and

2.  The amount you owe has been determined with our consent or by actual trial and final judgment.

This insurance does not give anyone the right to add us as a defendant in an action against you to determine your liability. The bankruptcy or insolvency of you or your estate will not relieve us of our obligations under this Part.

## PART THREE
## OTHER STATES INSURANCE

A.  How This Insurance Applies

1.  This other states insurance applies only if one or more states are shown in Item 3.C. of the Information Page.

2.  If you begin work in any one of those states after the effective date of this policy and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A. of the Information Page.

3.  We will reimburse you for the benefits required by the workers compensation law of that state if we are not permitted to pay the benefits directly to persons entitled to them.

4.  If you have work on the effective date of this policy in any state not listed in Item 3.A. of the Information Page, coverage will not be afforded for that state unless we are notified within thirty days.

B.  Notice

Tell us at once if you begin work in any state listed in Item 3.C. of the Information Page.

## PART FOUR
## YOUR DUTIES IF INJURY OCCURS

Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here.

1.  Provide for immediate medical and other services required by the workers compensation law.

2.  Give us or our agent the names and addresses of the injured persons and of witnesses, and other information we may need.

3.  Promptly give us all notices, demands and legal

4 of 6

© 1991 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY    WC  00  00  00  A

(Ed. 4-92)

papers related to the injury, claim, proceeding or suit.

4. Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.

5. Do nothing after an injury occurs that would interfere with our right to recover from others.

6. Do not voluntarily make payments, assume obligations or incur expenses, except at your own cost.

## PART FIVE – PREMIUM

### A. Our Manuals

All premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications. We may change our manuals and apply the changes to this policy if authorized by law or a governmental agency regulating this insurance.

### B. Classifications

Item 4 of the Information Page shows the rate and premium basis for certain business or work classifications. These classifications were assigned based on an estimate of the exposures you would have during the policy period. If your actual exposures are not properly described by those classifications, we will assign proper classifications, rates and premium basis by endorsement to this policy.

### C. Remuneration

Premium for each work classification is determined by multiplying a rate times a premium basis. Remuneration is the most common premium basis. This premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:

1. all your officers and employees engaged in work covered by this policy; and

2. all other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations.

### D. Premium Payments

You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid.

### E. Final Premium

The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy.

If this policy is canceled, final premium will be determined in the following way unless our manuals provide otherwise:

1. If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the minimum premium.

2. If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force, and increased by our short-rate cancelation table and procedure. Final premium will not be less than the minimum premium.

### F. Records

You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them.

### G. Audit

You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium. Insurance rate service organizations have the same rights we have under this provision.

© 1991 National Council on Compensation Insurance.

## PART SIX— CONDITIONS

A  Inspection

We have the right, but are not obliged to inspect your workplaces at any time. Our inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. We may give you reports on the conditions we find. We may also recommend changes. While they may help reduce losses, we do not undertake to perform the duty of any person to provide for the health or safety of your employees or the public. We do not warrant that your workplaces are safe or healthful or that they comply with laws, regulations, codes or standards. Insurance rate service organizations have the same rights we have under this provision.

B.  Long Term Policy

If the policy period is longer than one year and sixteen days, all provisions of this policy will apply as though a new policy were issued on each annual anniversary that this policy is in force.

C.  Transfer of Your Rights and Duties

Your rights or duties under this policy may not be transferred without our written consent.

If you die and we receive notice within thirty days after your death, we will cover your legal representative as insured

D.  Cancelation

1.  You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancelation is to take effect.

2.  We may cancel this policy. We must mail or deliver to you not less than ten days advance written notice stating when the cancelation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.

3.  The policy period will end on the day and hour stated in the cancelation notice.

4.  Any of these provisions that conflict with a law that controls the cancelation of the insurance in this policy is changed by this statement to comply with the law.

E.  Sole Representative

The insured first named in Item 1 of the Information Page will act on behalf of all insureds to change this policy, receive return premium, and give or receive notice of cancelation.

© 1981 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC  00  04  12

(Ed. 1-90)

### CONTINGENT EXPERIENCE RATING MODIFICATION FACTOR ENDORSEMENT

The premium for this policy will be adjusted by an experience rating modification factor. The factor shown in the schedule is a Contingent Experience Rating Modification Factor based on the appropriate experience data available and replaces any prior experience modification factor. We will issue an endorsement to show a revised factor if appropriate additional experience data becomes available. The contingent factor will apply unless a revised factor is subsequently issued.

Schedule

New Jersey          1.000       10/01/2002

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective  10/01/2002   Policy No.  CNBM0037-02          Endorsement No.
Insured  Chariot Management, Inc.                                      Premium $

Insurance Company                            Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC  00  04  12
(Ed. 1-90)

©1990 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC  00  04  14

(Ed 7-90)

## NOTIFICATION OF CHANGE IN OWNERSHIP ENDORSEMENT

Experience rating is mandatory for all eligible insureds. The experience rating modification factor, if any, applicable to this policy, may change if there is a change in your ownership or in that of one or more of the entities eligible to be combined with you for experience rating purposes. Change in ownership includes sales, purchases, other transfers, mergers, consolidations, dissolutions, formations of a new entity and other changes provided for in the applicable experience rating plan manual.

You must report any change in ownership to us in writing within 90 days of such change. Failure to report such changes within this period may result in revision of the experience rating modification factor used to determine your premium.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective  10/01/2002    Policy No.  CNBM0037-02
Insured  Chariot Management, Inc.

Endorsement No.
Premium $

Insurance Company                                    Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 00 04 14
(Ed. 7-90)

© 1990 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY     WC 00 04 19

(Ed. 1-01)

## PREMIUM DUE DATE ENDORSEMENT

This endorsement is used to amend:

Section D. of Part Five of the policy is replaced by this provision.

### PART FIVE
### PREMIUM

D.  **Premium is amended to read:**

You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid. The due date for audit and retrospective premiums is the date of the billing.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective  10/01/2002  Policy No.  CNBM0037-02     Endorsement No.

Insured  Chariot Management, Inc.                      Premium $

Insurance Company                    Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

**WC 00 04 19**
(Ed. 1-01)

© 2000 National Council on Compensation Insurance, Inc.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 06 03 01

(Ed. 4-84)

### CONNECTICUT APPLICATION OF WORKERS COMPENSATION INSURANCE ENDORSEMENT

This endorsement applies only to the insurance provided by Part One (Workers Compensation Insurance) because Connecticut is shown in Item 3 A. of the Information Page.

Section A, "How This Insurance Applies," of Part One, "Workers Compensation Insurance," is amended to read as follows:

This workers compensation insurance applies to injury by accident or injury by disease. Injury includes resulting death.

1.  Injury by accident must occur during the policy period.

2.  Injury by disease must be caused or aggravated by exposure during the policy period to conditions of your employment.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective  10/01/2002   Policy No.  CNBM0037-02          Endorsement No.
Insured  Chariot Management, Inc.                                    Premium $

Insurance Company                         Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

**WC 06 03 01**
(Ed. 4-84)

© 1984 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 06 03 03 B

(Ed 4-96)

## CONNECTICUT WORKERS COMPENSATION FUNDS ENDORSEMENT

This endorsement applies only to the insurance provided by Part One (Workers Compensation Insurance) because Connecticut is shown in Item 3.A. of the Information Page.

The amount shown on the Information Page for the Connecticut workers compensation fund assessment is required of you under Section 31-345 (Certificate of solvency; assessments; overpayments) of the Connecticut General Statutes. As provided in Section 31-284(c) (Employer rights and liabilities), we will pay these assessments to the Connecticut State Treasurer. The purpose of the assessment is to finance the expenses of administering the law.

THE AMOUNT SHOWN ON THE INFORMATION PAGE FOR THE CONNECTICUT SECOND INJURY FUND SURCHARGE IS REQUIRED OF YOU UNDER CONNECTICUT REGULATIONS TO FINANCE THE CONNECTICUT SECOND INJURY FUND. WE WILL PAY THIS SURCHARGE TO THE CONNECTICUT STATE TREASURER.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective  10/01/2002    Policy No. CNBM0037-02          Endorsement No.
Insured Chariot Management, Inc.                                      Premium $

Insurance Company                          Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 06 03 03 B
(Ed. 4-96)

© 1996 National Council on Compensation Insurance, Inc.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC  07  04  08

(Ed. 7-99)

### DELAWARE MERIT RATING PLAN ENDORSEMENT

This endorsement applies to the insurance provided by this policy because Delaware is shown in Item 3.A. of the Information Page.

The premium for this insurance may be subject to merit rating plan adjustment because your premium may be less than the amount necessary to be eligible for the Uniform Experience Rating Plan.

The following premium discount or surcharge will be applied to your manual premium based on your claims during the most recent three year period for which statistics are available.

1. A 5% credit (discount) will be applied if you had no compensable employee lost-time injuries - **Statistical Code 9885**.

2. No credit or debit will be applied if you had one (1) compensable employee lost-time injury - **Statistical Code 9884**.

3. A 5% debit (surcharge) will be applied if you had two (2) or more compensable employee lost-time injuries - **Statistical Code 9886**.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective   10/01/2002   Policy No.  CNBM0037-02          Endorsement No.
Insured  Chariot Management, Inc.                                      Premium $

Insurance Company                              Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

**WC  07  04  08**
(Ed. 7-99)

©1999 Delaware Compensation Rating Bureau.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 07 06 01

(Ed. 7-88)

### DELAWARE NONRENEWAL ENDORSEMENT

We may elect not to renew the policy. By certified mail we will mail to you, not less than 60 days advance written notice, when the nonrenewal will take effect. Mailing that notice to you at your mailing address, shown in Item 1 of the Information Page, will be sufficient to prove notice.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective  10/01/2002   Policy No. CNBM0037-02          Endorsement No.
Insured  Chariot Management, Inc.                                    Premium $

Insurance Company                               Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

**WC 07 06 01**
**(Ed. 7-88)**

© 1988 Delaware Compensation Rating Bureau.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY     WC 10 06 01 A

(Ed. 4-93)

## GEORGIA CANCELATION, NONRENEWAL AND CHANGE ENDORSEMENT

This endorsement applies only to the insurance provided by this Policy because Georgia is shown in Item 3.A. of the Information Page.

The Cancelation Condition of the policy is replaced by this Condition:

D.   Cancelation, Nonrenewal and Change

1.   You may cancel this policy. You must mail or deliver advance notice to us stating when the cancelation is to take effect, subject to the following:

   a.   If only your interest is affected, the effective date of cancelation will be the later of the date we receive notice from you or the date specified in the notice.

   b.   If by statute, regulation or contract this policy may not be canceled unless notice is given to a governmental agency or other third party, we will mail or deliver at least 10 days notice to you and the third party as soon as practicable after receiving your request for cancelation.

   Our notice will state the effective date of cancelation, which will be the later of the following:

   1)   10 days from the date of mailing or delivering our notice, or

   2)   The effective date of cancelation stated in your notice to us.

2.   We may cancel or nonrenew this policy. We must mail or deliver notice at least 10 days before the effective date of cancelation if this policy has been in effect less than 60 days or if we cancel for nonpayment of premium. If this policy has been in effect 60 or more days and we cancel for a reason other than nonpayment of premium or if we nonrenew this policy, we must send to you a notice of cancelation or nonrenewal by certified mail, return receipt requested, to your last address of record at least 75 days prior to the effective date of cancelation or nonrenewal.

3.   If we increase current policy premium by more than 15% (other than any increase due to change in risk, exposure or experience modification or resulting from an audit of auditable coverages), limit or restrict coverage, we must mail by first class mail or deliver a notice of our action (including dollar amount of any increase in renewal premium more than 15%) to you at the last mailing address of record at least 45 days before the expiration date of this policy.

4.   The policy period will end on the day and hour stated in the cancelation notice except as provided for above.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective  10/01/2002   Policy No.  CNBM0037-02          Endorsement No.
Insured  Chariot Management, Inc.                                    Premium $

Insurance Company                        Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 10 06 01 A
(Ed. 4-93)

© 1993 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC  18  04  06  A

(Ed. 9-96)

## MAINE NOTICE OF SURCHARGE ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Maine is shown in Item 3 A. of the Information Page.

We are required by the Maine Workers Compensation Residual Market Deficit Resolution and Recovery Act to collect a surcharge of 6.32% of the premium for this policy to fund a residual market deficiency. The surcharge applies to discounted standard premium after application of premium credits for deductibles up to $5,000. Surchargeable premium will not be further reduced by premium credits for deductibles in excess of $5,000. The surcharge is calculated for retrospectively rated policies in the same manner as it is calculated for large deductible policies.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective  10/01/2002  Policy No. CNBM0037-02          Endorsement No.
Insured  Chariot Management,  Inc.                                 Premium $

Insurance Company                      Countersigned by

CLARENDON NATIONAL  INSURANCE COMPANY

**WC 18 04 06** A
(Ed. 9-96)

© 1996 National Council on Compensation Insurance, Inc.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 18 06 01

(Ed 4-84)

## MAINE INSPECTION IMMUNITY ENDORSEMENT
### (TITLE 14 MAINE REVISED STATUTES ANNOTATED SECTION 167)

### THE FOLLOWING LIMITS OUR LIABILITY

We, the insurance company, our agents, employees, or service contractors, are not liable for damages from injury, death or loss occurring as a result of any act or omission in the furnishing of or the failure to furnish insurance inspection services related to, in connection with or incidental to the issuance or renewal of a policy of property or casualty insurance.

This exemption from liability does not apply:

A.   If the injury, loss or death occurred during the actual performance of inspection services and was proximately caused by our negligence or by the negligence of our agents, employees or service contractors;

B    To any inspection services required to be performed under the provisions of a written service contract or defined loss prevention program;

C.   In any action against us, our agents, employees, or service contractors for damages proximately caused by our acts or omissions which are determined to constitute a crime, actual malice or gross negligence; or,

D.   If we fail to provide this written notice to the insured whenever a policy is issued or when new policy forms are issued upon renewal.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective  10/01/2002   Policy No.  CNBM0037-02          Endorsement No.
Insured  Chariot Management, Inc.                                    Premium $

Insurance Company                            Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 18 06 01
(Ed. 4-84)

© 1983 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY        WC 18 06 03 A

(Ed. 6-95)

## MAINE CANCELATION AND NONRENEWAL ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Maine is shown in Item 3.A. of the Information Page.

The Cancelation Condition of the policy is replaced by this Condition:

**Cancelation**

1. You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancelation is to take effect.

2. We may cancel this policy. We must mail or deliver to you and to the Workers Compensation Board not less than 30 days advance written notice stating when the cancelation is to take effect. Mailing notice to you at your last known address will be sufficient to prove notice.

3. The policy period will end on the day and hour stated in the cancelation notice. If you have obtained a workers compensation and employers liability insurance policy from another insurance company, or have otherwise secured your obligation to provide compensation, and such insurance or other security becomes effective prior to the expiration of the notice period, the policy period will end on the effective date of such other insurance or security.

4. If this policy has been renewed or has been in effect for 60 days or more, we may cancel only for one of the following reasons:

   a. Nonpayment of premium;

   b. Fraud or a material misrepresentation was made in obtaining the policy, continuing the policy or presenting a claim under the policy;

   c. The risk accepted when the policy was issued has substantially increased;

   d. Your failure to comply with reasonable loss control recommendations;

   e. A substantial breach of contractual duties, conditions or warranties under the policy;

   f. The Superintendent has determined that continuation of the policy could jeopardize our solvency or place us in violation of the law.

**Nonrenewal**

We may elect not to renew the policy. We will mail or deliver to you not less than 30 days advance written notice. A post office certificate of mailing to you at your last known address will be conclusive proof of receipt of that notice on the third calendar day after mailing.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective  10/01/2002    Policy No.  CNBM0037-02          Endorsement No.
Insured  Chariot Management, Inc.                                      Premium $

Insurance Company                              Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

**WC 18 06 03 A**
(Ed. 6-85)

© 1995 National Council on Compensation Insurance, Inc.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY        WC 18 06 04

(Ed. 5-88)

## MAINE FINAL PREMIUM AUDIT ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Maine is shown in Item 3 A. of the Information Page.

Part Five (Premium), Condition E, Final Premium, and Condition G, Audit, are changed by adding these Conditions:

E    Final Premium

We are required by Maine regulation to complete our final premium audit not later than 120 days after the policy period ends.

If we are unable to examine and audit your records because of your failure to cooperate, we will mail advance written notice to you stating the reasons for our inability to establish the final premium. Your final premium will be established no later than 120 days from the time we are able to complete the examination and audit of your records.

If we have not established the final premium within the 120-day time limitation, we may not bill or collect any additional premium that exceeds the latest billed annual premium.

G.    Audit

You may request a final premium audit to determine whether you are entitled to a refund, if we have not established the final premium within the 120-day time limit. You will mail or deliver written notice to us requesting the audit.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective  10/01/2002    Policy No.  CNBM0037-02         Endorsement No.
Insured Chariot Management, Inc.                                     Premium $

Insurance Company                        Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 18 06 04
(Ed. 5-88)

© 1991 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC  18  06  06

(Ed  8-99)

### MAINE NOTICE OF FILING OF FIRST REPORTS OF INJURY
### WITHIN SEVEN DAYS ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Maine is shown in Item 3.A of the Information Page.

Employer's First Report of Occupational Injury or Disease, form WCB-1, required to be filed for injuries arising out of and in the course of an employee's employment that has caused the employee to lose a day's work shall be reported to and received by the Workers' Compensation Board within seven (7) days after the employer receives notice or knowledge of the injury, as provided by 39-A M.R.S.A. sec. 303. First Reports of Injury can be mailed, electronically submitted, or faxed to the Workers' Compensation Board at 207-287-5895.

Contact us immediately if an injury occurs that may be required to be reported to the Workers' Compensation Board.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective   10/01/2002   Policy No.  CNBM0037-02          Endorsement No.
Insured  Chariot Management, Inc.                                         Premium  $

Insurance Company                          Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC  18  06  06
(Ed. 8-99)

© 1999 National Council on Compensation Insurance, Inc.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY    WC  18 06 07

(Ed. 1-02)

MAINE SUPPLEMENTAL BENEFITS FUND ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Maine is shown in Item 3.A. of the Information Page.

We are required by the Maine Supplemental Benefits Fund, Chapter 448, to collect a surcharge for this policy to fund payments made in accordance with the reimbursement provisions of Section 355 of Title 39A. Supplementary assessments may be levied during this policy period if exigent conditions arise and the balance in the fund is inadequate to discharge reimbursement in a timely fashion. The Maine Supplemental Benefits Fund Oversight Committee will determine the premium surcharge and the Policyholders will be noticed accordingly. The surcharge applies to standard premium after application of premium credits for deductibles up to $5,000. The premium subject to surcharge will not be further reduced by premium credits for deductibles in excess of $5,000. The premium subject to surcharge is not subject to premium discount and expense constant. The surcharge is calculated for retrospectively rated policies in the same manner as it is calculated for large deductible policies, however, there will be no application of discount premium credits for retrospectively rated policies.

Schedule

Surcharge:    2.46%

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective  10/01/2002  Policy No. CNBM0037-02          Endorsement No
Insured  Chariot Management, Inc.                                 Premium $

Insurance Company                         Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 18 06 07
(Ed. 1-02)

© 2001 National Council on Compensation Insurance, Inc.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY    WC 20 03 01

(Ed. 4-84)

## MASSACHUSETTS LIMITS OF LIABILITY ENDORSEMENT

This endorsement applies only to the insurance provided by Part Two (Employers Liability Insurance) because Massachusetts is listed in Item 3.A of the Information Page.

Our liability to you under Section 25 of Chapter 152 of the General Laws of Massachusetts is not subject to the limit of liability that applies to Part Two (Employers Liability Insurance).

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective  10/01/2002    Policy No.  CNBM0037-02        Endorsement No.
Insured  Chariot Management, Inc.                                    Premium $

Insurance Company                          Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 20 03 01
(Ed. 4-84)

© 1984 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 20 03 02

(Ed. 5-86)

## MASSACHUSETTS —ASSESSMENT CHARGE

Massachusetts General Laws, Chapter 152, Section 65, as amended by Chapter 572 of the Acts of 1985, establishes a workers compensation special fund and a workers compensation trust fund.

On behalf of the Department of Industrial Accidents (DIA), the insurance company providing workers compensation coverage is required to bill and collect an assessment charge covering the special and trust funds from insured employers and remit the amounts collected to the State Treasury.

The assessment charge, which is determined by applying a rate (subject to annual change) to the standard premium developed under your policy, is shown as a separate item on the information page of the policy. The rate may be different for private employers and for the Commonwealth and its political subdivisions.

The income derived from the assessment charge will be used to fund the operating expenses of the DIA and to fund certain employee benefits as described in Chapter 152.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective  10/01/2002   Policy No.  CNBM0037-02           Endorsement No.
Insured  Chariot Management, Inc.                                     Premium $

Insurance Company                              Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 20 03 02
(Ed. 5-86)

© 1986 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY      WC 19 06 01 B

(Ed. 6-01)

## MARYLAND CANCELLATION ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Maryland is shown in Item 3 A. of the Information Page.

The Cancellation Condition of the policy is replaced by this Condition.

D.   Cancellation

1.   You may cancel this policy. You will mail or deliver advance written notice to us stating when the cancellation is to take effect.

2.   We may cancel this policy. We will file with the Office of the Maryland Workers' Compensation Commission, and mail by certified mail or deliver to you, not less than 30 days advance written notice stating when the cancellation is to take effect. Mailing this notice to you at your mailing address last known to us will be sufficient to prove notice.

3.   The policy period will end on the day and hour stated in the cancellation notice, or 30 days after the date the notice was received by the Maryland Workers' Compensation Commission, whichever date is later.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective   10/01/2002   Policy No.   CNBM0037-02          Endorsement No.
Insured   Chariot Management, Inc.                                     Premium $

Insurance Company                              Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 19 06 01 B
(Ed. (6-01)

© 2001 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 20 03 03 B

(Ed. 7-99)

## MASSACHUSETTS NOTICE TO POLICYHOLDER ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Massachusetts is shown in Item 3.A of the Information Page.

1.   Rates and Premium

The policy contains rates and classifications that apply to your type of business. If you have any questions regarding the rates or classifications, please contact your agent or us.

You may obtain pertinent rating information by submitting a written request to us at our address shown on this endorsement. We may require you to pay a reasonable charge for furnishing the information.

You may also submit a written request for a review of the method by which your classification, rates or premiums were determined. If you are not satisfied with the results of the review, you may appeal to the Commissioner of Insurance at the address shown in this endorsement

2.   Reserves or Settlements

You may request a loss run, which contains reserve and settlement information for claims that relate to the premium for this policy. Such a request must be in writing and should be sent to our address shown on this endorsement. We will provide you with that information within thirty (30) days of receipt of your request, and at reasonable intervals thereafter.

If you have any questions or believe that we set unreasonable reserves or made unreasonable settlements that affected your premiums or losses, you may make a written request through your agent or directly to us for a meeting with our company representative. If you are not satisfied with the results of the meeting, you may make a written appeal to the Insurance Commissioner at the address shown on the endorsement.

Addresses

Company Address

Commissioner of Insurance
Division of Insurance
Department of Banking and Insurance
One South Station
Boston, MA 02210

CLARENDON NATIONAL INSURANCE COMPANY
1177 Avenue of the Americas
New York, NY 10036-

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective   10/01/2002   Policy No. CNBM0037-02          Endorsement No.
Insured  Chariot Management, Inc.                                    Premium $

Insurance Company                          Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

**WC 20 03 03 B**
(Ed. 7-99)

© 1995 National Council on Compensation Insurance, Inc.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 20 06 01

(Ed 6 92)

### MASSACHUSETTS CANCELATION ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Massachusetts is shown in Item 3.A. of the Information Page.

The Cancelation Condition of the policy is replaced by the following:

Cancelation

1.  You may cancel this policy by mailing or delivering to us advance written notice requesting cancelation. Such cancelation shall not be effective until ten days after written notice is given by us to The Workers' Compensation Rating and Inspection Bureau of Massachusetts (Bureau), or until notice has been received by the Bureau that you have secured insurance from another insurance company, whichever occurs first.

2.  We may cancel this policy only if based on one or more of the following reasons: (i) nonpayment of premium; (ii) fraud or material misrepresentation affecting your policy; or (iii) a substantial increase in the hazard insured against. Such cancelation shall not be effective until ten days after written notice is given by us to you and The Workers' Compensation Rating and Inspection Bureau of Massachusetts (Bureau), or until notice has been received by the Bureau that you have secured insurance from another insurance company, whichever occurs first.

3.  Any of these provisions that conflict with the law that controls the cancelation of this insurance policy is changed by this statement to comply with the law.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective  10/01/2002   Policy No.  CNBM0037-02          Endorsement No.
Insured Chariot Management, Inc.                                      Premium $

Insurance Company                           Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

**WC 20 06 01**
(Ed. 6-92)

© 1992 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 20 04 05

(Ed. 6-01)

## MASSACHUSETTS PREMIUM DUE DATE ENDORSEMENT

Section D of Part Five of the Policy is replaced by this provision

### PART FIVE
### PREMIUM

D.  **Premium Payments** is amended to read:
    You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is
    not valid. The audit and retrospective premiums shall be paid by the due date indicated on the billing
    statement.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective  10/01/2002   Policy No. CNBM0037-02          Endorsement No.
Insured Chariot Management, Inc.                                    Premium $

Insurance Company                          Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 20 04 05
(Ed. 6-01)

© 2001 National Council on Compensation Insurance, Inc.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC  28  04  02

(Ed. 1-94)

## NEW HAMPSHIRE MANAGED CARE ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because New Hampshire is shown in Item 3 A. of the Information Page.

You will receive a ten percent (10%) premium credit if you subscribe to the services of an approved Managed Care Program. The premium credit will be applicable as long as you retain the services of and comply with the procedures of the Managed Care Program.

The New Hampshire Department of Labor shall approve each certified Managed Care Program and the New Hampshire Advisory Council on Workers Compensation shall ratify the Managed Care Program.

The credit will be applied after the application of any experience modification factor and before the application of the expense constant or premium discount, if any. The credit is not applicable to assigned risk policies.

The credit may be given at inception, renewal, at audit or midterm on a pro rata basis.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective  10/01/2002   Policy No. CNBM0037-02          Endorsement No.
Insured  Chariot Management, Inc.                                    Premium $

Insurance Company                                    Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 28 04 02
(Ed. 1-94)

© 1994 National Council on Compensation Insurance, Inc.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC  28  06  01

(Ed  4-84)

## NEW HAMPSHIRE SOLE REPRESENTATIVE ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because New Hampshire is shown in Item 3.A. of the Information Page.

Condition E, "Sole Representative," of the policy is replaced by the following:

"The insured first named in Item 1 of the Information Page will act on behalf of all insureds to change this policy, receive return premium or to give us notice of cancelation. If we cancel this policy, we will give each named insured notice of cancelation."

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective  10/01/2002    Policy No.  CNBM0037-02          Endorsement No.
Insured  Chariot Management,  Inc.                                    Premium $

Insurance Company                              Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC  28  06  01
(Ed. 4-84)

© 1984 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY        WC  28  06  04

(Ed  4-92)

### NEW HAMPSHIRE AMENDATORY ENDORSEMENT

This endorsement applies only to the New Hampshire coverage provided by the policy because New Hampshire is shown in Item 3.A. of the Information Page.

For New Hampshire coverage, the Cancelation condition of the policy is amended and replaced by:

1.   You may cancel this policy. You must mail or deliver advance written notice to us.

2.   We may cancel this policy. We will file a written termination notice with the Commissioner of the Department of Labor and will send a copy to you.

3.   In case of nonpayment of premium, the cancelation will take effect 30 days after the termination notice is filed.

4.   In case of cancelation for reasons other than nonpayment of premium, cancelation will take effect 45 days after the notice of termination is filed.

5.   If you have obtained coverage from another insurance carrier or have qualified as a self-insurer, cancelation is effective on the date you obtained the coverage or qualified as a self-insurer.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective  10/01/2002    Policy No.  CNBM0037-02          Endorsement No.

Insured  Chariot Management, Inc.                                      Premium  $

Insurance Company                          Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

**WC  28  06  04**
(Ed. 4-92)

© 1992 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY        WC  29  03  06  A

(Ed. 1-01)

## NEW JERSEY PART TWO EMPLOYERS LIABILITY ENDORSEMENT

This endorsement applies only to the insurance provided by Part Two (Employers Liability Insurance) because New Jersey is shown in Item 3.A. of the information page.

1.  With respect to Exclusion C7 we will defend any claim, proceeding or suit for damages where bodily injury is alleged. We have the right to investigate and settle. We will not defend or continue to defend after the applicable limits of the insurance have been paid. Such policy limits include any legal costs assessed against you on behalf of your employee(s).

2.  We may not limit our liability to pay damages for which we become legally liable to pay because of bodily injury to an infant under the age of 18 years in a proceeding made pursuant to Article 2 as provided in N.J.S.A. 34:15-10.

3.  This insurance does not provide for the payment of any common law negligence damages or other damages when the provisions of Article 2 of the New Jersey Workers Compensation Law have been rejected by you and your employee(s) as provided in N.J.S.A. 34:15-9.

4.  With respect to paragraph F., the "Other Insurance" provision is replaced with the following:

    F.  Other Insurance

    We will not pay more than our share of damages and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance and self-insurance will be equal until the loss is paid.

    This insurance, however, is excess over any other applicable insurance with respect to claims for bodily injury arising out of employer practices, policies, acts or omissions enumerated in C-7 above, whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective   10/01/2002   Policy No. CNBM0037-02          Endorsement No.
Insured  Chariot Management, Inc.                                     Premium  $

Insurance Company                              Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC  29  03  06 A
(Ed. 1-01)

© Compensation Rating and Inspection Bureau

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC  29  06  01  A

(Ed. 1-94)

## NEW JERSEY LARGE RISK — LARGE DEDUCTIBLE ENDORSEMENT

1.  This endorsement applies to the insurance provided by:
    Part One (Workers Compensation Insurance)
    Part Two (Employers Liability Insurance) and
    Part Three (Other States Insurance)

2.  This endorsement applies between you and us. It does not affect the rights of others under the policy. Nor does it change our obligations under Part One, Part Two or Part Three of the policy, except as otherwise stated in this endorsement.

3.  In consideration of a reduced premium, you have agreed to reimburse us up to the deductible amounts stated in the Schedule at the end of this endorsement for all payments legally required, including allocated loss adjustment expense which arises out of any claim or suit we defend, where you elect to include such expense.

4.  We will remain responsible for the full payment of all claims under this policy without regard to your ability or intention to reimburse us for the deductible amounts. The contract of insurance shall be fully enforceable by your employees or their dependents against us in accordance with NJSA 34:15-83.

### Deductible — Each Occurrence/Each Claim

5.  The deductible amount stated in the Schedule is the most you must reimburse us for indemnity and medical benefits and damages combined, including allocated loss adjustment expense if elected by you, for bodily injury to one or more employees as the result of any one accident or for disablement of one employee due to bodily injury by disease.

### Deductible — Policy Aggregate

6.  The amount stated in the Schedule as aggregate is the most you must reimburse us for the sum of all indemnity and medical benefits, damages, and allocated loss adjustment expense if elected by you, because of bodily injury by accident or bodily injury by disease for the policy period.

    a.  If we cancel the policy, the aggregate amount stated in the Schedule will be reduced to a pro rata amount based on the time this policy was in force.

    b.  If you cancel the policy as a result of your retiring from business, the aggregate deductible amount will be reduced to a pro rata amount based on the time this policy was in force.

    c.  If you cancel the policy for any reason other than retiring from business, the aggregate deductible amount will not be reduced.

    d.  If this policy is issued for a term of less than one year, the aggregate deductible amount will not be reduced.

### Effect of Deductible on Limits of Liability

7.  The applicable limits of liability as respects Part Two (Employers Liability Insurance) are subject to reduction by the application of the loss reimbursement amount(s) applicable to any claim for accident or disease covered by this policy. In the event of a claim, our obligation to pay is the amount available for benefits or damages that remains after the application of the specific loss reimbursement amount. The payment of loss adjustment expense, where such expense is elected by you, will not affect the limits of liability.

1 of 3

© Compensation Rating and Inspection Bureau

WC  29  06  01  A         WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

(Ed. 1-94)

### Allocated Loss Adjustment Expense

8.  Allocated loss adjustment expense, which is electable by you, means claims expenses directly allocated by us to a particular claim.  Such expense shall not include cost of investigation or the salaries and traveling expenses of our employees other than those salaried employees who perform services which can be directly allocated to the handling of a particular claim.

### Recovery From Others

9.  If we recover any payments made under this policy from any one liable for the injury, the amount we recover will be applied as follows:

    a.  First, to any payments made by us in excess of the deductible amount;  and

    b.  Then the remainder, if any, will be applied to reduce the deductible amount reimbursable by you.

### Cancelation

10. If you fail to reimburse us for any amounts as required by this endorsement, we may cancel this policy for nonpayment in accordance with the provisions of statute.  We will remain fully responsible for the full amount of all claims incurred prior to the effective date of cancelation.

### Sole Representation

11. The first Named Insured stated in the Information Page will act on behalf of all the named insureds with respect to:

    a.  Changes to this endorsement

    b.  Obligations to receive premiums

    c.  Giving or receiving notice of cancelation

### Your Duties and Understandings

12. All bodily injuries by accident or disease for which you are responsible shall be promptly reported to us for adjustment and payment, regardless of their severity or cost.  You further understand that all such bodily injuries and their cost shall be included in experience data used to determine the experience rating for your policy, regardless of the eligibility of such claims for full or partial reimbursement under the deductible provisions of this policy.

### Other Rights and Duties

13. All other terms of the policy, including those which govern the following items, apply irrespective of this deductible endorsement:

    a.  Our right and duty to defend any claim, proceeding or suit against you and

    b.  Your duties if injury occurs.

© Compensation Rating and Inspection Bureau

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 29 06 01 A

(Ed. 1-94)

**Additional Charges**

14. The surcharges for the Second Injury Fund and Uninsured Employers Fund and the premium charge for the expense constant are not part of the Large Risk— Large Deductible Program but are included in the total cost of the coverage provided by the policy to which this endorsement is attached.

Schedule

| Coverage | Deductible Amount Basis | |
|---|---|---|
| Bodily Injury by Accident | $ 250,000 | each accident |
| Bodily Injury by Disease | $ 250,000 | each employee |
| All Covered Bodily Injury | $ 1,001,902 | aggregate |

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective  10/01/2002   Policy No.  CNBM0037-02              Endorsement No.
Insured Chariot Management, Inc.                                         Premium $

Insurance Company                             Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 29 06 01 A
(Ed. 1-94)

©Compensation Rating and Inspection Bureau

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 31 03 08

(Ed. 4-84)

## NEW YORK LIMIT OF LIABILITY ENDORSEMENT

This endorsement applies only to the insurance provided by Part Two (Employers Liability Insurance) because New York is shown in Item 3.A of the Information Page.

We may not limit our liability to pay damages for which we become legally liable to pay because of bodily injury to your employees if the bodily injury arises out of and in the course of employment that is subject to and is compensable under the Workers' Compensation Law of New York.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective 10/01/2002   Policy No. CNBM0037-02          Endorsement No.
Insured Chariot Management, Inc.                                    Premium $

Insurance Company                              Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 31 03 08
(Ed. 4-84)

:S COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 31 03 19 A

(Ed 10-99)

NEW YORK CONSTRUCTION CLASSIFICATION PREMIUM ADJUSTMENT PROGRAM
EXPLANATORY ENDORSEMENT

ırk Construction Classification Premium Adjustment Program (NYCCPAP) allows premium credits for some
n the construction industry. These credits exist to recognize the difference in wage rates between
vithin the same construction industries in New York.

tions section of this policy will show a credit of 0.00% if you are not eligible for this credit, or if you are
nis credit and have not yet applied for a credit. Credits are earned for average wages in excess of $13.00
each eligible class. If your policy shows one of the following classification codes, and you are experience
re eligible to apply for an NYCCPAP credit:

| | | | | | | |
|---|---|---|---|---|---|---|
| 0042 | 5102 | 5402 | 5506 | 5703 | 6235 | 7538 |
| 3365 | 5160 | 5403 | 5507 | 5709 | 6251 | 7601 |
| 3724 | 5183 | 5428 | 5508 | 6003 | 6252 | 7855 |
| 3726 | 5184 | 5429 | 5536 | 6005 | 6254 | 8227 |
| 3737 | 5188 | 5443 | 5538 | 6017 | 6259 | 9526 |
| 5000 | 5190 | 5445 | 5545 | 6018 | 6260 | 9527 |
| 5022 | 5193 | 5462 | 5547 | 6045 | 6306 | 9534 |
| 5037 | 5213 | 5473 | 5606 | 6204 | 6319 | 9539 |
| 5040 | 5221 | 5474 | 5610 | 6216 | 6325 | 9545 |
| 5057 | 5222 | 5479 | 5645 | 6217 | 6400 | 9549 |
| 5059 | 5223 | 5480 | 5648 | 6229 | 6701 | 9553 |
| 5069 | 5348 | 5491 | 5651 | 6233 | 7536 | |

effective prior to 04/01/01, the basis for determining the credit is the total payroll (excluding overtime
ıy) and hours worked for each construction classification for the third quarter, as reported to taxing
'or the year preceding the policy date. For example:

| POLICY INCEPTION DATE | THIRD QUARTER PAYROLL |
|---|---|
| 4/1/99 thru 3/31/00 | 1998 |
| 4/1/00 thru 3/31/01 | 1999 |

effective after 04/01/01, the basis for determining the credit is the limited payroll of each employee for the
ours worked (excluding overtime premium pay) for each construction classification (other than employees
the construction of one or two-family residential housing) for the third quarter, as reported to taxing
'or the year preceding the policy date. Total payroll is to continue to be reported for employees engaged in
tion of one or two-family residential housing. For example:

| POLICY INCEPTION DATE | THIRD QUARTER PAYROLL |
|---|---|
| 4/1/01 thru 3/31/02 | 2000 |
| 4/1/02 thru 3/31/03 | 2001 |

any eligible classes on your policy, you should have been notified by your Insurance carrier or the New
ınsation Insurance Rating Board approximately nine months prior to the inception date of this policy. If you
may be eligible for a credit and have not received an application, you should immediately contact your
ance carrier, or the New York Compensation Insurance Rating Board.

calculated by the New York Compensation Insurance Rating Board. You must submit a completed
o: Attention: Audit Department, New York Compensation Insurance Rating Board, 200 East Forty-Second
York, New York 10017.

must be received within six months prior to the inception date of this policy (or at the latest, within 12
r the inception date if accompanied by a letter explaining the reason for late submission).

WC 31 03 19 A          WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

(Ed. 10-99)

Under no circumstances will an application for this credit be accepted more than 12 months after the inception date of this policy.

The New York Workers Compensation and Employers Liability Insurance Manual, and not this endorsement, govern the implementation and use of the NYCCPAP.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective   10/01/2002   Policy No.  CNBM0037-02          Endorsement No.
Insured  Chariot Management, Inc.                                      Premium $

Insurance Company                              Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

**WC 31 03 19 A**
(Ed. 10-99)

© 1999 New York Compensation Insurance Rating Board.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 32 03 01 B

(Ed. 10-01)

## NORTH CAROLINA AMENDED COVERAGE ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because North Carolina is shown in Item 3.A. of the Information Page.

The Cancellation Condition of the policy is replaced by this Condition:

D. Cancellation

1.  You may cancel this policy.

    If you cancel this policy, you must mail or deliver advance written notice to us stating when the cancellation is to take effect.

2.  We may cancel this policy.

    (a) If this policy has been in effect for fewer than 60 days and is not a renewal policy, we may cancel this policy for any reason by giving you at least 30 days prior written notice of cancellation and the reasons for cancellation by registered or certified mail, return receipt requested.

    (b) If this policy has been in effect for at least 60 days or is a renewal policy, we may not cancel this policy without your prior written consent, except for any one of the following reasons:

    (1) Nonpayment of premium in accordance with the policy terms.

    (2) An act or omission by you or your representative that constitutes material misrepresentation or nondisclosure of a material fact in obtaining the policy, continuing the policy, or presenting a claim under the policy.

    (3) Increased hazard or material change in the risk assumed that could not have been reasonably contemplated by you and us at the time of assumption of the risk.

    (4) Substantial breach of contractual duties, conditions, or warranties that materially affects the insurability of the risk.

    (5) A fraudulent act against us by you or your representative that materially affects the insurability of the risk.

    (6) Willful failure by you or your representative to institute reasonable loss control measures that materially affect the insurability of the risk after written notice by us.

    (7) Loss of facultative reinsurance or loss of or substantial changes in applicable reinsurance as provided in G.S. 58-41-30.

    (8) Your conviction of a crime arising out of acts that materially affect the insurability of the risk.

    (9) A determination by the Commissioner that the continuation of this policy would place us in violation of the laws of North Carolina.

    (10) You fail to meet the requirements contained in our corporate charter, articles of incorporation, or bylaws, when we are a company organized for the sole purpose of providing members of an organization with insurance coverage in North Carolina.

    (c) If we cancel for any of the reasons listed in paragraph (b), we must provide you with at least 15 days prior written notice of cancellation stating the precise reason for cancellation. We must provide this notice by registered or certified mail, return receipt requested, to you and any other person designated in the policy to receive notice of cancellation at the addresses shown in the policy or, if not indicated in the policy, at the last known addresses. Whenever notice of cancellation is required to be given by registered or certified mail, cancellation will not be effective unless and until that method is employed and completed. Failure to send notice as provided in this paragraph to any other person designated in the policy to receive notice of cancellation invalidates the cancellation only as to that other person's interest.

© 2001 National Council on Compensation Insurance, Inc.

WC 32 03 01 B          WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

(Ed. 10-01)

    (d) Cancellation for nonpayment of premium is not effective if the amount due is paid before the effective date stated in the notice of cancellation.

3.  We may refuse to renew this policy:

    (a) If this policy is for a term of one year or less, we must provide you with notice of nonrenewal at least 45 days prior to the expiration date of the policy.

    (b) If this policy is for a term of more than one year or for an indefinite term, we must provide you with notice of nonrenewal at least 45 days prior to the anniversary date of the policy.

    (c) The notice of nonrenewal must state the precise reason for nonrenewal. Failure to send this notice, as provided in paragraphs 3 and 5, to any other person designated in the policy to receive this notice invalidates the nonrenewal only as to that other person's interest.

    (d) Any nonrenewal attempted or made that is not in compliance with paragraphs (a), (b) and (c) is not effective. Paragraphs (a), (b) and (c) do not apply if you have obtained insurance elsewhere, have accepted replacement coverage, or have requested or agreed to nonrenewal.

4.  Whenever we lower coverage limits, raise deductibles, or raise premium rates for reasons within our exclusive control and other than at your request, we will mail you written notice of the change at least 30 days in advance of the effective date of the change. As used in this paragraph, the phrase, "reasons within our exclusive control" does not mean experience modification changes, exposure changes, or loss cost rate changes.

5.  We must provide the notice required by paragraphs 3 and 4 by mail to you and any other person designated in the policy to receive this notice at the addresses shown in the policy or, if not indicated in the policy, at the last known addresses. Mailing copies of the notice by regular first-class mail satisfies the notice requirements of paragraphs 3, 4 and 5.

6.  We will also send copies of the notice required by this endorsement to the agent or broker of record, though failure to send copies of the notice to the agent or broker of record will not invalidate a cancellation or nonrenewal. Mailing copies of the notice by regular first-class mail to the agent or broker of record satisfies the requirements of this paragraph.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The Information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective   10/01/2002   Policy No. CNBM0037-02          Endorsement No.
Insured  Chariot Management, Inc.                                     Premium $

Insurance Company                          Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 32 03 01 B
(Ed. 10-01)                              2 of 2

© 2001 National Council on Compensation Insurance, Inc.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 37 06 01

(Ed. 4-84)

### SPECIAL PENNSYLVANIA ENDORSEMENT —INSPECTION OF MANUALS

The manuals of rules, rating plans, and classifications are approved pursuant to the provisions of Section 654 of the Insurance Company Law of May 17, 1921, P.L. 682, as amended, and are on file with the Insurance Commissioner of the Commonwealth of Pennsylvania.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective  10/01/2002   Policy No.  CNBM0037-02        Endorsement No.
Insured Chariot Management, Inc.                                    Premium $

Insurance Company                        Countersigned by _____

CLARENDON NATIONAL INSURANCE COMPANY

**WC 37 06 01**
(Ed. 4-84)

© 1984 Pennsylvania Compensation Rating Bureau.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY        WC 37 06 02

(Ed. 4-84)

PENNSYLVANIA NOTICE

An Insurance Company, its agents, employees, or service contractors acting on its behalf, may provide services to reduce the likelihood of injury, death or loss. These services may include any of the following or related services incident to the application for, issuance, renewal or continuation of, a policy of insurance:

1. surveys;

2. consultation or advice; or

3. inspections.

The "Insurance Consultation Services Exemption Act" of Pennsylvania provides that the Insurance Company, its agents, employees or service contractors acting on its behalf, is not liable for damages from injury, death or loss occurring as a result of any act or omission by any person in the furnishing of or the failure to furnish these services.

The Act does not apply:

1. if the injury, death or loss occurred during the actual performance of the services and was caused by the negligence of the Insurance Company, its agents, employees or service contractors;

2. to consultation services required to be performed under a written service contract not related to a policy of insurance; or

3. if any acts or omissions of the Insurance Company, its agents, employees or service contractors are judicially determined to constitute a crime, actual, malice, or gross negligence.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective  10/01/2002   Policy No. CNBM0037-02         Endorsement No.
Insured  Chariot Management, Inc.                                  Premium $

Insurance Company                          Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 37 06 02
(Ed. 4-84)

©1984 Pennsylvania Compensation Rating Bureau.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 37 06 03 A

(Ed. 8-95)

### PENNSYLVANIA ACT 86-1986 ENDORSEMENT

NONRENEWAL, NOTICE OF INCREASE OF PREMIUM, AND RETURN OF UNEARNED PREMIUM

This endorsement applies only to the insurance provided by the policy because Pennsylvania is shown in Item 3.A. of the Information Page.

The policy conditions are amended by adding the following regarding nonrenewal, notice of increase in premium, and return of unearned premium.

**Nonrenewal**

1. We may elect not to renew the policy. We will mail to each named insured, by first class mail, not less than 60 days advance notice stating when the nonrenewal will take effect. Mailing that notice to you at your mailing address last known to us will be sufficient to prove notice.

2. Our notice of nonrenewal will state our specific reasons for not renewing.

3. If we have indicated our willingness to renew, we will not send you a notice of nonrenewal. However, the policy will still terminate on its expiration date if:

    a.   you notify us or the agent or broker who procured this policy that you do not want the policy renewed; or

    b.   you fail to pay all premiums when due; or

    c.   you obtain other insurance as a replacement of the policy.

**Notice of Increase in Premium**

1. We will provide you with not less than 30 days advance notice of an increase in renewal premium of this policy, if it is our intent to offer such renewal.

2. The above notification requirement will be satisfied if we have issued a renewal policy more than 30 days prior to its effective date.

3. If a policy has been written or is to be written on a retrospective rating plan basis, the notice of increase in premium provision of this endorsement does not apply.

**Return of Unearned Premium**

1. If this policy is canceled and there is unearned premium due you:

    a.   If the Company cancels, the unearned premium will be returned to you within 10 business days after the effective date of cancelation.

    b.   If you cancel, the unearned premium will be returned within 30 days after the effective date of cancelation.

2. Because this policy was written on the basis of an estimated premium and is subject to a premium audit, the unearned premium specified in 1.a. and 1.b. above, if any, shall be returned on an estimated basis. Upon our completion of computation of the exact premium, an additional return premium or charge will be made to you within 15 days of the final computation.

3. These return of unearned premium provisions shall not apply if this policy is written on a retrospective rating plan basis.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The Information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective  10/01/2002    Policy No.  CNBM0037-02          Endorsement No.
Insured  Chariot Management, Inc.                                     Premium $

Insurance Company                              Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 37 06 03 A
(Ed. 8-95)

© 1995 Pennsylvania Compensation Rating Bureau.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY        WC 44 06 01

(Ed 4-84)

## VERMONT LAW ENDORSEMENT

This endorsement applies only to the insurance provided by Part Two (Employers Liability Insurance) because Vermont is shown in Item 3.A. of the Information Page.

1.   We may not limit our liability to pay damages if a judgment for damages is entered against you and we continue the suit or other action without your consent.

2.   No action will lie against us to recover for a loss under this insurance unless it is brought within one year after the amount of loss is made certain either by agreement between the parties with our consent or by actual trial and final judgment. If you are bankrupt or insolvent, anyone who obtains such a judgment or agreement has a right of action against us to recover under the policy to the extent that insurance is provided for the damages or loss.

3.   If you pay a judicial judgment or claim for any of our liability under this insurance, that will not bar you from an action or right of action against us.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective  10/01/2002   Policy No.  CNBM0037-02        Endorsement No.
Insured  Chariot Management, Inc.                                  Premium $

Insurance Company                          Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 44 06 01
(Ed. 4-84)

© 1983 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC  44  06  02  A

(Ed  9-91)

## VERMONT CANCELATION AND NONRENEWAL ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Vermont is shown in Item 3.A. of the Information Page.

The Cancelation Condition of the policy is replaced by these conditions:

**Cancelation**

1.  You may cancel this policy.  You will mail or deliver advance written notice to us stating when the cancelation is to take effect.

2.  We may cancel this policy.  We must mail by certified mail or certificate of mailing to you and to the Commissioner of Labor and Industry, not less than 45 days advance written notice stating when the cancelation is to take effect. Mailing notice to you at your mailing address last known to us will be sufficient to prove notice.

3.  The policy period will end on the day and hour stated in the cancelation notice.

**Nonrenewal**

1   We may elect not to renew the policy.  We must mail by certified mail or certificate of mailing to you and to the Commissioner of Labor and Industry 45 days advance written notice stating when the nonrenewal is to take effect. If we do not give 45 days notice, the policy will automatically be extended for 45 days from the date notice is received by the Commissioner.

2.  If we fail to provide the notice of nonrenewal as required, the policy will still terminate on its expiration date if:

    a.  We offer to continue the insurance by delivery of a renewal contract to you, or

    b.  You notify us that you do not wish the policy renewed, or

    c.  You obtain other insurance, a guarantee contract or establish and maintain, to the satisfaction of the Commissioner of Labor and Industry, security for compensation.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective  10/01/2002   Policy No.  CNBM0037-02          Endorsement No.
Insured Chariot Management, Inc.                                     Premium $

Insurance Company                              Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC  44  06  02  A

(Ed. 9-91)

© 1991 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY            WC 45 06 02

(Ed. 7-93)

## VIRGINIA AMENDATORY ENDORSEMENT

This endorsement applies only to the Virginia insurance provided by the policy because Virginia is shown in Item 3.A. of the Information Page.

For Virginia insurance, Part Six D. (Conditions-- Cancelation) is replaced by:

1.  You may cancel this policy. You must mail or deliver advance written notice to us. You must provide written notice of your cancelation, including the date of and reasons for the cancelation, to the Workers Compensation Commission.

2.  We may cancel this policy. We will provide you with 30 days notice of cancelation. We will provide the Workers Compensation Commission with immediate notice of such cancelation. This provision does not apply if you have obtained other insurance and that insurer has notified the Workers Compensation Commission that it is now providing your insurance.

3.  In the event of cancelation by you or us, you must provide 30 days written notice of the cancelation to your covered employees.

4.  We may nonrenew your policy. We will provide 30 days notice to you and to the Workers Compensation Commission of our decision to nonrenew. This provision does not apply if you have obtained other insurance and that insurer has notified the Workers Compensation Commission that it is now providing your insurance.

5.  If you fail to pay the premium due on this policy, we may cancel the policy by providing 10 days notice to you and to the Workers Compensation Commission.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective 10/01/2002  Policy No. CNBM0037-02        Endorsement No.
Insured Chariot Management, Inc.                                Premium $

Insurance Company                          Countersigned by

CLARENDON NATIONAL INSURANCE COMPANY

WC 45 06 02
(Ed. 7-93)

© 1993 National Council on Compensation Insurance.

# EXHIBIT B

Received 06/26/2006 09:21AM in 03:04 on line [10] for 3676 * Pg 3/11

NARJun.26. 2006 ; 9:19AM *dob*                                    No.3066   P. 3

ENT'D JUL 2 0 2005

07 2c0S1   *a07*    **north american risk services**

ENT'D JUL 2 0 2005

June 02, 2005

ATTN: DONA JACKSON
CHARIOT MGMT INC / B. F. RICH        PAID JUL 2 7 2005  *200-60*   #56513
PO BOX 6031
NEWARK , DE 19714

Workers Compensation
Deductible Reimbursement -- Invoice No. 50-NARS-02066
Billing Period May 1, 2005 to May 31, 2005

| | |
|---|---|
| Amount Due: | $2,200.60 |
| Date Due: | July 3, 2005 |
| Insured: | Chariot Mgmt Inc / B. F. Rich |
| Policy Number: | CNBM0037-02 |
| Deductible Amount: | $250,000.00 per claim |

ATTN:  DONA JACKSON

North American Risk Services, Inc. serves as third-party claims administrator for Clarendon National Insurance Company, and is resolving claims filed on the Clarendon policy referenced above.

Coverage provided under Workers Compensation policy number CNBM0037-02 includes a $250,000.00 per-claim deductible. Clarendon National Insurance Company makes payments for all claims, and is reimbursed by the policyholder until the deductible limit for each claim has been reached.

This letter serves as notice that reimbursement for recent claims payments is now due. The attached document(s) provide an itemized account of this billing.

Please forward a check for $2,200.60, payable to **"CLARENDON NATIONAL INSURANCE COMPANY"** to:

North American Risk Services, Inc.
Attn: Marie K. Ockman
P. O. Box 945055
Maitland, Florida 32794

Please contact Addi Immonen at (800) 315-6090 extension 1505, or Mary Remick at extension 1208, if there are questions regarding these claims.

Respectfully yours,

*ok def*
*7/20/05*

Marie K. Ockman
Recovery Specialist

Attachments

cc:        COLONIAL RISK
           1850 LEE ROAD, SUITE 334
           WINTER PARK, FL 32789

North American Risk Services, Inc.
A Member of the Hannover Re Group

P.O. Box 945055
Maitland, FL 32794-5055
Tel. (407) 875-1700
Fax. (407) 875-8781

Received 06/26/2006 09:21AM in 03:04 on line [10] for 3676 * Pg 4/11

Jun.26. 2006  9:19AM

No.3066   P. 4

Created by: HROSSELL

NORTH AMERICAN RISK SERVICES, INC.
COLONIAL RISK - 050

Payment Summary by Insured

Payment Made Between 05/01/05 And 05/31/05

Insured: **CHARIOT MANAGEMENT INC.**

| Policy | Claimant | Claim # | Line | Less Date | Total Previous TPA Paid | Total Next Paid net of subro only | Total Paid-To-Date | Alae Paid / Mo | Med. Paid / Mo | Ind. Paid / Mo net of subro only | Monthly Reimb Due |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CNBM0037-00 $259A00 | Harding, Donald | 0500004012006 | 905 | 04/01/01 | $0.00 | $18,612.00 | $18,612.00 | $531.66 | $1,709.59 | $11,619.00 | $5,574.03 |
| | | | | Totals for Policy: | $0.00 | $18,619.09 | $18,619.09 | $531.66 | $1,709.59 | $11,619.04 | $5,574.03 |
| CNBM0037-01 $350,000 | Moore, Grover | 050000040030.0 | 905 | 03/23/02 | $0.00 | $5,052.44 | $5,052.44 | $2,934.22 | $0.00 | $2,011.13 | $7,711.72 |
| | | | | Totals for Policy: | $0.00 | $5,052.44 | $5,052.44 | $3,934.22 | $0.00 | $2,011.13 | $7,711.72 |
| CNBM0037-02 $250,000 | Harris, April | 0502003112.4/002 | 905 | 04/08/03 | $0.00 | $1,740.57 | $1,740.57 | $220.60 | $0.00 | $0.00 | $220.60 |
| | Winkley, Francis | 0502003112.3009 | 905 | 05/10/03 | $5,169.38 | $81,616.66 | $86,785.04 | $0.00 | $2,000.00 | $0.00 | $2,000.00 |
| | | | | Totals for Policy: | $5,169.38 | $81,616.66 | $86,785.04 | $220.60 | $2,000.00 | $0.00 | $2,000.00 |

Generated on: 06/01/05 07:08 AM

Page 11 of 66

Case 1:07-cv-00051-JJF   Document 1-3   Filed 01/26/2007   Page 4 of 10
Received 06/26/2006 09:21AM in 03:04 on line [10] for 3676 * Pg 5/11
Jun.26. 2006   9:19AM                                                        No.3066   P. 5

### NORTH AMERICAN RISK SERVICES, INC.

#### COLONIAL RISK  ~  050

### Draft Issued Report (NO ULAE PAYMENTS)

Program Number: 050                                            Draft Issued for Claim # : 05020031224002

| Draft No. | Wire | Draft Amt. | Date Issued | System Date | Claim # | Claimant | Date of Service | Payee | Void |
|---|---|---|---|---|---|---|---|---|---|
| 500005034 | N | $467.66 | 03/09/04 | 03/09/04 | 05020031224002 | APRIL HARRIS | | April Harris | Y |
| 500005034 | N | -$467.66 | 03/09/04 | 12/27/04 | 05020031224002 | APRIL HARRIS | | April Harris | Y |
| 500009406 | N | $1,072.31 | 05/13/04 | 05/13/04 | 05020031224002 | APRIL HARRIS | | Marshall, Dermehey, Warner, Coleman & Go | |
| 500021953 | N | $467.66 | 12/30/04 | 12/30/04 | 05020031224002 | APRIL HARRIS | | Clarendon National Insurance Co | Y |
| 500021953 | N | -$467.66 | 12/30/04 | 03/24/05 | 05020031224002 | APRIL HARRIS | | Clarendon National Insurance Co | Y |
| 500026138 | N | $467.66 | 03/31/05 | 03/31/05 | 05020031224002 | APRIL HARRIS | | April Harris | |
| 500027744 | N | $200.60 | 05/05/05 | 05/05/05 | 05020031224002 | APRIL HARRIS | 37/15/04 - 03/16/05 | Marshall, Dennchey Warner Coleman & Goggin | |

Number of Items:          7

Total Drafts:          $1,740.57

Case 1:07-cv-00051-JJF    Document 1-3    Filed 01/26/2007    Page 5 of 10
Received 06/26/2006 09:21AM in 03:04 on line [10] for 3676 * Pg 6/11
Jun.26. 2006  9:20AM                                                No.3066   P. 6

NORTH AMERICAN RISK SERVICES, INC.

COLONIAL RISK  -  050

Draft Issued Report (NO ULAE PAYMENTS)

Program Number: 050                                    Draft Issued for Claim # : 05020031223009

| Draft No. | Wire | Draft Amt. | Date Issued | System Date | Claim # | Claimant | Date of Service | Payee | Void |
|---|---|---|---|---|---|---|---|---|---|
| 500002075 | N | $1,338.46 | 01/16/04 | 01/16/04 | 05020031223009 | FRANCIS WINSLE | | Francis Winsley | |
| 500002113 | N | $226.41 | 01/20/04 | 01/20/04 | 05020031223009 | FRANCIS WINSLE | | Francis Winsley | |
| 500002240 | N | $226.41 | 01/26/04 | 01/26/04 | 05020031223009 | FRANCIS WINSLE | | Francis Winsley | |
| 500002692 | N | $226.41 | 02/05/04 | 02/05/04 | 05020031223009 | FRANCIS WINSLE | | Francis Winsley | |
| 500002800 | N | $592.84 | 02/06/04 | 02/06/04 | 05020031223009 | FRANCIS WINSLE | 12/15/03 - 12/23/03 | Healthsouth Holdings | |
| 500002933 | N | $226.41 | 02/09/04 | 02/09/04 | 05020031223009 | FRANCIS WINSLE | | Francis Winsley | |
| 500003275 | N | $12.35 | 02/13/04 | 02/13/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500003339 | N | $226.41 | 02/17/04 | 02/17/04 | 05020031223009 | FRANCIS WINSLE | | Francis Winsley | |
| 500003770 | N | $347.65 | 02/23/04 | 02/23/04 | 05020031223009 | FRANCIS WINSLE | 01/09/04 - 01/23/04 | Healthsouth Holdings, Inc. | |
| 500003782 | N | $25.00 | 02/24/04 | 02/24/04 | 05020031223009 | FRANCIS WINSLE | 11/04/03 - 11/04/03 | David Zabel, M.D. | |
| 500003786 | N | $50.40 | 02/24/04 | 02/24/04 | 05020031223009 | FRANCIS WINSLE | 10/15/03 - 11/05/03 | Rehabilitation Associates, P.A. | |
| 500003798 | N | $127.80 | 02/24/04 | 02/24/04 | 05020031223009 | FRANCIS WINSLE | 10/07/03 - 10/28/03 | Rehabilitation Associates  P.A. | |
| 500003809 | N | $783.26 | 02/24/04 | 02/24/04 | 05020031223009 | FRANCIS WINSLE | 10/09/03 - 12/04/03 | Rehabilitation Associates  P.A. | |
| 500003842 | N | $50.40 | 02/24/04 | 02/24/04 | 05020031223009 | FRANCIS WINSLE | 10/16/03 - 11/07/03 | Rehabilitation Associates, P.A. | |
| 500003845 | N | $61.29 | 02/24/04 | 02/24/04 | 05020031223009 | FRANCIS WINSLE | 10/30/03 - 10/30/03 | Rehabilitation Associates. P.A. | |
| 500003848 | N | $84.21 | 02/24/04 | 02/24/04 | 05020031223009 | FRANCIS WINSLE | 10/02/03 - 10/02/03 | Rehabilitation Associates, P.A. | |
| 500003855 | N | $120.00 | 02/24/04 | 02/24/04 | 05020031223009 | FRANCIS WINSLE | 12/03/03 - 12/03/03 | Healthsouth Holdings | |
| 500003858 | N | $168.42 | 02/24/04 | 02/24/04 | 05020031223009 | FRANCIS WINSLE | 10/23/03 - 11/20/03 | Rehabilitation Associates, P.A. | |
| 500003862 | N | $278.65 | 02/24/04 | 02/24/04 | 05020031223009 | FRANCIS WINSLE | 09/28/03 - 09/28/03 | Christiana Care Health Services | |
| 500003870 | N | $525.00 | 02/24/04 | 02/24/04 | 05020031223009 | FRANCIS WINSLE | 11/26/03 - 11/26/03 | Papastavros' Associates Med Imaging | |
| 500003948 | N | $59.46 | 02/25/04 | 02/25/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500003958 | N | $226.41 | 02/25/04 | 02/25/04 | 05020031223009 | FRANCIS WINSLE | | Francis Winsley | |
| 500003997 | N | $540.00 | 02/25/04 | 02/25/04 | 05020031223009 | FRANCIS WINSLE | 01/19/04 - 01/29/04 | Corvel Corporation - Wilmington, De | |
| 500004000 | N | $1,225.00 | 02/25/04 | 02/25/04 | 05020031223009 | FRANCIS WINSLE | | The Intel Group Inc | |
| 500004007 | N | $10.45 | 02/26/04 | 02/26/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500004137 | N | $593.92 | 02/27/04 | 02/27/04 | 05020031223009 | FRANCIS WINSLE | 01/27/04 - 01/30/04 | Healthsouth Holdings | |
| 500004398 | N | $226.41 | 03/02/04 | 03/02/04 | 05020031223009 | FRANCIS WINSLE | | Francis Winsley | |
| 500004741 | N | $14.25 | 03/05/04 | 03/05/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500004858 | N | $226.41 | 03/08/04 | 03/08/04 | 05020031223009 | FRANCIS WINSLE | | Francis Winsley | |
| 500005133 | N | $198.47 | 03/10/04 | 03/10/04 | 05020031223009 | FRANCIS WINSLE | 10/30/03 - 10/30/03 | Dynamic Physical Therapy & Rehab Center | |
| 500005136 | N | $239.17 | 03/10/04 | 03/10/04 | 05020031223009 | FRANCIS WINSLE | 11/12/03 - 11/12/03 | Dynamic Physical Therapy & Rehab Center | |
| 500005137 | N | $244.90 | 03/10/04 | 03/10/04 | 05020031223009 | FRANCIS WINSLE | 11/10/03 - 11/10/03 | Dynamic Physical Therapy & Rehab Center | |
| 500005145 | N | $450.00 | 03/10/04 | 03/10/04 | 05020031223009 | FRANCIS WINSLE | 11/24/03 - 01/02/04 | Healthsouth Holdings | |
| 500005272 | N | $692.47 | 03/10/04 | 03/10/04 | 05020031223009 | FRANCIS WINSLE | 02/02/04 - 02/05/04 | Healthsouth Holdings | |
| 500005426 | N | $67.36 | 03/12/04 | 03/12/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500005606 | N | $25.00 | 03/17/04 | 03/17/04 | 05020031223009 | FRANCIS WINSLE | 01/27/04 - 01/27/04 | David Zabel, M.D. | |

Created by:   MOCKMAN           Generated on:   06/02/05 03:01 PM                    Page 1 of 6

Case 1:07-cv-00051-JJF   Document 1-3   Filed 01/26/2007   Page 6 of 10
Received 06/26/2006 09:21AM in 03:04 on line [10] for 3676 * Pg 7/11
Jun.26. 2006   9:20AM                                              No.3066   P. 7

## NORTH AMERICAN RISK SERVICES, INC.

### COLONIAL RISK   -   050

### Draft Issued Report (NO ULAE PAYMENTS)

**Program Number: 050**                          Draft Issued for Claim # : 05020031223009

| Draft No. | Wire | Draft Amt. | Date Issued | System Date | Claim # | Claimant | Date of Service | Payee | Void |
|---|---|---|---|---|---|---|---|---|---|
| 500006727 | N | $19.25 | 03/19/04 | 03/19/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500005749 | N | $270.00 | 03/19/04 | 03/19/04 | 05020031223009 | FRANCIS WINSLE | | Healthsouth Holdings | |
| 500005754 | N | $546.87 | 03/19/04 | 03/19/04 | 05020031223009 | FRANCIS WINSLE 33/09/04 - 03/09/04 | | The Intel Group Inc | |
| 500005801 | N | $226.41 | 03/22/04 | 03/22/04 | 05020031223009 | FRANCIS WINSLE | | Francis Winsley | |
| 500005959 | N | $90.00 | 03/23/04 | 03/23/04 | 05020031223009 | FRANCIS WINSLE 22/13/04 - 02/13/04 | | Healthsouth Holdings | |
| 500006224 | N | $404.25 | 03/26/04 | 03/26/04 | 05020031223009 | FRANCIS WINSLE 01/05/04 - 01/09/04 | | Healthsouth Holdings | |
| 500006226 | N | $690.75 | 03/26/04 | 03/26/04 | 05020031223009 | FRANCIS WINSLE 02/19/04 - 02/27/04 | | Healthsouth Holdings | |
| 500006274 | N | $122.86 | 03/29/04 | 03/29/04 | 05020031223009 | FRANCIS WINSLE 12/16/03 - 12/18/03 | | Rehabilitation Associates, P.A. | |
| 500006279 | N | $234.69 | 03/29/04 | 03/29/04 | 05020031223009 | FRANCIS WINSLE 10/28/03 - 01/12/04 | | Rehabilitation Associates, P.A | |
| 500006281 | N | $262.97 | 03/29/04 | 03/29/04 | 05020031223009 | FRANCIS WINSLE 10/23/03 - 12/18/03 | | Rehabilitation Associates, P A | |
| 500006515 | N | $226.41 | 03/30/04 | 03/30/04 | 05020031223009 | FRANCIS WINSLE | | Francis Winsley | |
| 500006622 | N | $1.50 | 04/01/04 | 04/01/04 | 05020031223009 | FRANCIS WINSLE | | Rehab Audit Services | |
| 500006689 | N | $226.41 | 04/05/04 | 04/05/04 | 05020031223009 | FRANCIS WINSLE | | Francis Winsley | |
| 500006772 | N | $61.43 | 04/05/04 | 04/05/04 | 05020031223009 | FRANCIS WINSLE 01/07/04 - 01/07/04 | | Rehabilitation Associates, P.A. | |
| 500006778 | N | $83.94 | 04/05/04 | 04/05/04 | 05020031223009 | FRANCIS WINSLE 23/04/04 - 03/04/04 | | Rehabilitation Associates, P.A. | |
| 500006788 | N | $245.72 | 04/05/04 | 04/05/04 | 05020031223009 | FRANCIS WINSLE 11/28/03 - 01/12/04 | | Rehabilitation Associates, P A. | |
| 500007029 | N | $127.40 | 04/07/04 | 04/07/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500007127 | N | $226.41 | 04/12/04 | 04/12/04 | 05020031223009 | FRANCIS WINSLE 04/13/04 - 04/19/04 | | Francis Winsley | |
| 500007255 | N | $67.64 | 04/13/04 | 04/13/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500007392 | N | $17.81 | 04/15/04 | 04/15/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500007435 | N | $226.41 | 04/16/04 | 04/16/04 | 05020031223009 | FRANCIS WINSLE 04/20/04 - 04/26/04 | | Francis Winsley | |
| 500007536 | N | $201.00 | 04/16/04 | 04/16/04 | 05020031223009 | FRANCIS WINSLE 03/18/04 - 03/18/04 | | Healthsouth Holdings | |
| 500007541 | N | $329.25 | 04/16/04 | 04/16/04 | 05020031223009 | FRANCIS WINSLE 02/06/04 - 02/12/04 | | Healthsouth Holdings | |
| 500007542 | N | $381.00 | 04/16/04 | 04/16/04 | 05020031223009 | FRANCIS WINSLE 02/16/04 - 02/18/04 | | Healthsouth Holdings Inc. | |
| 500007938 | N | $667.50 | 04/22/04 | 04/22/04 | 05020031223009 | FRANCIS WINSLE 03/04/04 - 03/12/04 | | Healthsouth Holdings | |
| 500007940 | N | $1,058.00 | 04/22/04 | 04/22/04 | 05020031223009 | FRANCIS WINSLE 11/26/03 - 11/26/03 | | Papastavros' Associates Med Imaging | |
| 500007947 | N | $226.41 | 04/22/04 | 04/22/04 | 05020031223009 | FRANCIS WINSLE 04/27/04 - 05/03/04 | | Francis Winsley | |
| 500008382 | N | $46.10 | 04/28/04 | 04/28/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500008509 | N | $603.00 | 04/29/04 | 04/29/04 | 05020031223009 | FRANCIS WINSLE 03/19/04 - 03/25/04 | | Healthsouth Holdings | |
| 500008530 | N | $53.43 | 04/29/04 | 04/29/04 | 05020031223009 | FRANCIS WINSLE | | Corvel Corporation | |
| 500008930 | N | $226.41 | 05/05/04 | 05/05/04 | 05020031223009 | FRANCIS WINSLE 05/04/04 - 05/10/04 | | Francis Winsley | |
| 500009023 | N | $162.36 | 05/06/04 | 05/06/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500009094 | N | $725.25 | 05/10/04 | 05/10/04 | 05020031223009 | FRANCIS WINSLE 04/02/04 - 04/08/04 | | Healthsouth Holdings | |
| 500009099 | N | $1,142.66 | 05/10/04 | 05/10/04 | 05020031223009 | FRANCIS WINSLE 10/15/03 - 11/12/03 | | Dynamic Physical Therapy & Rehab Center | |
| 500009257 | N | $226.41 | 05/12/04 | 05/12/04 | 05020031223009 | FRANCIS WINSLE 05/11/04 - 05/17/04 | | Francis Winsley | |
| 500009494 | N | $226.41 | 05/17/04 | 05/17/04 | 05020031223009 | FRANCIS WINSLE 05/18/04 - 05/24/04 | | Francis Winsley | |
| 500010038 | N | $24.00 | 05/24/04 | 05/24/04 | 05020031223009 | FRANCIS WINSLE | | Rehab Audit Services | |
| 500010058 | N | $1,484.38 | 05/24/04 | 05/24/04 | 05020031223009 | FRANCIS WINSLE 03/26/04 - 04/23/04 | | The Intel Group Inc | |

Created by:   MOCKMAN                Generated on:   06/02/05  03:01 PM                Page 2 of 6

Case 1:07-cv-00051-JJF   Document 1-3   Filed 01/26/2007   Page 7 of 10
Received 06/26/2006 09:21AM in 03:04 on line [10] for 3676 * Pg 8/11
Jun.26. 2006  9:20AM                                          No.3066   P. 8

**NORTH AMERICAN RISK SERVICES, INC.**

**COLONIAL RISK  -  050**

**Draft Issued Report (NO ULAE PAYMENTS)**

Program Number: 050                                    Draft Issued for Claim # : 05020031223009

| Draft No. | Wire | Draft Amt. | Date Issued | System Date | Claim # | Claimant | Date of Service | Payee | Void |
|---|---|---|---|---|---|---|---|---|---|
| 500010070 | N | $226.41 | 05/24/04 | 05/24/04 | 05020031223009 | FRANCIS WINSLE | 05/25/04 - 05/31/04 | Francis Winsley | |
| 500010101 | N | $77.82 | 05/25/04 | 05/25/04 | 05020031223009 | FRANCIS WINSLE | 04/15/04 - 04/15/04 | Working Rx | |
| 500010102 | N | $83.94 | 05/25/04 | 05/25/04 | 05020031223009 | FRANCIS WINSLE | 04/08/04 - 04/08/04 | Rehabilitation Associates, P.A. | |
| 500010103 | N | $83.94 | 05/25/04 | 05/25/04 | 05020031223009 | FRANCIS WINSLE | 10/23/03 - 02/05/04 | Rehabilitation Associates, P.A. | |
| 500010118 | N | $329.25 | 05/25/04 | 05/25/04 | 05020031223009 | FRANCIS WINSLE | 01/05/04 - 02/18/04 | Healthsouth Holdings | |
| 500010119 | N | $358.30 | 05/25/04 | 05/25/04 | 05020031223009 | FRANCIS WINSLE | 09/30/03 - 09/30/03 | Advanced Plastic Surgery | Y |
| 500010119 | N | -$358.30 | 05/25/04 | 06/22/04 | 05020031223009 | FRANCIS WINSLE | 09/30/03 - 09/30/03 | Advanced Plastic Surgery | Y |
| 500010363 | N | $201.00 | 05/27/04 | 05/27/04 | 05020031223009 | FRANCIS WINSLE | 04/01/04 - 04/01/04 | Healthsouth Holdings | |
| 500010565 | N | $226.41 | 06/01/04 | 06/01/04 | 05020031223009 | FRANCIS WINSLE | 06/01/04 - 06/07/04 | Francis Winsley | |
| 500010797 | N | $18.76 | 06/03/04 | 06/03/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500011024 | N | $226.41 | 06/09/04 | 06/09/04 | 05020031223009 | FRANCIS WINSLE | 06/08/04 - 06/14/04 | Francis Winsley | |
| 500011054 | N | $11.80 | 06/09/04 | 06/09/04 | 05020031223009 | FRANCIS WINSLE | 05/08/04 - 05/14/04 | Corvel | |
| 500011085 | N | $992.14 | 06/09/04 | 06/09/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500011274 | N | $33.80 | 06/14/04 | 06/14/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500011414 | N | $226.41 | 06/16/04 | 06/16/04 | 05020031223009 | FRANCIS WINSLE | 06/15/04 - 06/22/04 | Francis Winsley | |
| 500011516 | N | $99.38 | 06/16/04 | 06/16/04 | 05020031223009 | FRANCIS WINSLE | 05/13/04 - 05/13/04 | Working Rx | |
| 500011532 | N | $765.00 | 06/16/04 | 06/16/04 | 05020031223009 | FRANCIS WINSLE | 05/07/04 - 05/07/04 | Pro Physical Therapy | |
| 500011590 | N | $3.66 | 06/17/04 | 06/17/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500011626 | N | $106.20 | 06/18/04 | 06/18/04 | 05020031223009 | FRANCIS WINSLE | 05/13/04 - 05/13/04 | Rehabilitation Associates, P.A. | |
| 500012076 | N | $226.41 | 06/24/04 | 06/24/04 | 05020031223009 | FRANCIS WINSLE | 06/23/04 - 06/29/04 | Francis Winsley | |
| 500012344 | N | $0.95 | 06/29/04 | 06/29/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500012411 | N | $757.50 | 06/29/04 | 06/29/04 | 05020031223009 | FRANCIS WINSLE | 04/27/04 - 05/21/04 | Corvel | |
| 500012459 | N | $226.41 | 06/30/04 | 06/30/04 | 05020031223009 | FRANCIS WINSLE | 06/30/04 - 07/06/04 | Francis Winsley | |
| 500012660 | N | $226.41 | 07/06/04 | 07/06/04 | 05020031223009 | FRANCIS WINSLE | 07/07/04 - 07/13/04 | Francis Winsley | |
| 500012890 | N | $86.04 | 07/08/04 | 07/08/04 | 05020031223009 | FRANCIS WINSLE | 05/20/04 - 05/20/04 | Rehabilitation Associates, P.A. | |
| 500013121 | N | $226.41 | 07/12/04 | 07/12/04 | 05020031223009 | FRANCIS WINSLE | 07/14/04 - 07/20/04 | Francis Winsley | |
| 500013156 | N | $0.95 | 07/13/04 | 07/13/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500013597 | N | $226.41 | 07/20/04 | 07/20/04 | 05020031223009 | FRANCIS WINSLE | 07/21/04 - 07/27/04 | Francis Winsley | |
| 500014200 | N | $77.82 | 07/28/04 | 07/28/04 | 05020031223009 | FRANCIS WINSLE | 06/29/04 - 06/29/04 | Working Rx | |
| 500014420 | N | $226.41 | 08/02/04 | 08/02/04 | 05020031223009 | FRANCIS WINSLE | 08/04/04 - 08/10/04 | Francis Winsley | |
| 500014510 | N | $67.34 | 08/03/04 | 08/03/04 | 05020031223009 | FRANCIS WINSLE | 06/10/04 - 06/10/04 | Rehabilitation Associates, P.A. | |
| 500014744 | N | $0.95 | 08/06/04 | 08/06/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500014981 | N | $226.41 | 08/11/04 | 08/11/04 | 05020031223009 | FRANCIS WINSLE | 08/11/04 - 08/17/04 | Francis Winsley | |
| 500014986 | N | $0.95 | 08/11/04 | 08/11/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500015241 | N | $226.41 | 08/18/04 | 08/18/04 | 05020031223009 | FRANCIS WINSLE | 08/18/04 - 08/24/04 | Francis Winsley | |
| 500015436 | N | $687.38 | 08/20/04 | 08/20/04 | 05020031223009 | FRANCIS WINSLE | 04/22/04 - 06/15/04 | Marshall, Dennehey, Warner, Coleman & Go | |
| 500015562 | N | $226.41 | 08/23/04 | 08/23/04 | 05020031223009 | FRANCIS WINSLE | 08/25/04 - 08/31/04 | Francis Winsley | |
| 500015735 | N | $77.82 | 08/24/04 | 08/24/04 | 05020031223009 | FRANCIS WINSLE | 07/22/04 - 07/22/04 | Working Rx | |
| 500015751 | N | $3,181.00 | 08/24/04 | 08/24/04 | 05020031223009 | FRANCIS WINSLE | 07/13/04 - 07/13/04 | Papastavros' Associates Med | |

Created by:   MOCKMAN          Generated on:   06/02/05 03:01 PM          Page 3 of 6

Case 1:07-cv-00051-JJF    Document 1-3    Filed 01/26/2007    Page 8 of 10
Received 06/26/2006 09:21AM in 03:04 on Line [10] for 3676 * Pg 9/11
Jun.26. 2006  9:20AM                                              No.3066   P. 9

**NORTH AMERICAN RISK SERVICES, INC.**

**COLONIAL RISK – 050**

**Draft Issued Report (NO ULAE PAYMENTS)**

Program Number: 050                                              Draft Issued for Claim # : 05020031223009

| Draft No. | Wire | Draft Amt. | Date Issued | System Date | Claim # | Claimant | Date of Service | Payee | Void |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Imaging | |
| 500015781 | N | $2.85 | 08/25/04 | 08/25/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500016096 | N | $226.41 | 09/01/04 | 09/01/04 | 05020031223009 | FRANCIS WINSLE | 09/01/04 - 09/07/04 | Francis Winsley | |
| 500016224 | N | $226.41 | 09/02/04 | 09/02/04 | 05020031223009 | FRANCIS WINSLE | 09/08/04 - 09/14/04 | Francis Winsley | |
| 500016455 | N | $1,250.00 | 09/08/04 | 09/08/04 | 05020031223009 | FRANCIS WINSLE | | The Intel Group Inc | |
| 500016462 | N | $3.66 | 09/08/04 | 09/08/04 | 05020031223009 | FRANCIS WINSLE | | Corvel Corporation | |
| 500016476 | N | $61.43 | 09/08/04 | 09/08/04 | 05020031223009 | FRANCIS WINSLE | 11/28/03 - 01/14/04 | Rehabilitation Associates, P.A. | |
| 500016492 | N | $339.08 | 09/08/04 | 09/08/04 | 05020031223009 | FRANCIS WINSLE | 01/15/04 - 07/22/04 | Rehabilitation Associates, P.A. | |
| 500016594 | N | $4.75 | 09/14/04 | 09/14/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500016646 | N | $226.41 | 09/15/04 | 09/15/04 | 05020031223009 | FRANCIS WINSLE | 09/15/04 - 09/21/04 | Francis Winsley | |
| 500016668 | N | $106.20 | 09/15/04 | 09/15/04 | 05020031223009 | FRANCIS WINSLE | 07/22/04 - 07/22/04 | Rehabilitation Associates P.A. | |
| 500016723 | N | $507.81 | 09/16/04 | 09/16/04 | 05020031223009 | FRANCIS WINSLE | | The Intel Group Inc | |
| 500017078 | N | $91.90 | 09/21/04 | 09/21/04 | 05020031223009 | FRANCIS WINSLE | 08/26/04 - 08/26/04 | Working Rx | |
| 500017088 | N | $168.00 | 09/21/04 | 09/21/04 | 05020031223009 | FRANCIS WINSLE | 08/18/04 - 08/18/04 | Papastavros' Associates Med Imaging | |
| 500017111 | N | $226.41 | 09/22/04 | 09/22/04 | 05020031223009 | FRANCIS WINSLE | 09/22/04 - 09/28/04 | Francis Winsley | |
| 500017187 | N | $427.50 | 09/23/04 | 09/23/04 | 05020031223009 | FRANCIS WINSLE | 07/22/04 - 08/16/04 | Corvel | |
| 500017330 | N | $226.41 | 09/28/04 | 09/28/04 | 05020031223009 | FRANCIS WINSLE | | Francis Winsley | |
| 500017593 | N | $226.41 | 10/01/04 | 10/01/04 | 05020031223009 | FRANCIS WINSLE | | Francis Winsley | |
| 500017647 | N | $86.08 | 10/05/04 | 10/05/04 | 05020031223009 | FRANCIS WINSLE | 08/26/04 - 08/26/04 | Rehabilitation Associates, P.A. | |
| 500017658 | N | $124.75 | 10/05/04 | 10/05/04 | 05020031223009 | FRANCIS WINSLE | 08/02/04 - 08/02/04 | Rehabilitation Associates, P.A. | |
| 500017660 | N | $168.00 | 10/05/04 | 10/05/04 | 05020031223009 | FRANCIS WINSLE | 09/01/04 - 09/01/04 | Papastavros' Associates Med Imaging | |
| 500017673 | N | $1,790.79 | 10/05/04 | 10/05/04 | 05020031223009 | FRANCIS WINSLE | 08/18/04 - 08/18/04 | Rehabilitation Associates, P.A. | |
| 500017774 | N | $360.00 | 10/06/04 | 10/06/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500017853 | N | $1.90 | 10/07/04 | 10/07/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500018049 | N | $32.82 | 10/12/04 | 10/12/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500018189 | N | $168.00 | 10/14/04 | 10/14/04 | 05020031223009 | FRANCIS WINSLE | 09/15/04 - 09/15/04 | Papastavros' Associates Med Imaging | |
| 500018478 | N | $45.97 | 10/18/04 | 10/18/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500018784 | N | $1,455.16 | 10/25/04 | 10/25/04 | 05020031223009 | FRANCIS WINSLE | 09/01/04 - 09/01/04 | Rehabilitation Associates, P.A. | |
| 500018785 | N | $1,684.36 | 10/25/04 | 10/25/04 | 05020031223009 | FRANCIS WINSLE | 08/18/04 - 08/18/04 | Glasgow Medical Associates | Y |
| 500018785 | N | -$1,684.36 | 10/25/04 | 11/09/04 | 05020031223009 | FRANCIS WINSLE | 08/18/04 - 08/18/04 | Glasgow Medical Associates | Y |
| 500018786 | N | $1,685.49 | 10/25/04 | 10/25/04 | 05020031223009 | FRANCIS WINSLE | 09/15/04 - 09/15/04 | Glasgow Medical Associates | Y |
| 500018786 | N | -$1,685.49 | 10/25/04 | 11/09/04 | 05020031223009 | FRANCIS WINSLE | 09/15/04 - 09/15/04 | Glasgow Medical Associates | Y |
| 500018787 | N | $1,785.49 | 10/25/04 | 10/25/04 | 05020031223009 | FRANCIS WINSLE | 09/01/04 - 09/01/04 | Glasgow Medical Center Llc | |
| 500018848 | N | $5.70 | 10/26/04 | 10/26/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500018940 | N | $168.00 | 10/27/04 | 10/27/04 | 05020031223009 | FRANCIS WINSLE | 09/27/04 - 09/27/04 | Papastavros' Associates Med Imaging | |
| 500019030 | N | $6.65 | 10/29/04 | 10/29/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500019135 | N | $743.25 | 11/02/04 | 11/02/04 | 05020031223009 | FRANCIS WINSLE | 08/16/04 - 09/13/04 | Corvel | |

Created by:    MOCKMAN              Generated on:    06/02/05 03:01 PM                    Page 4 of 6

NORTH AMERICAN RISK SERVICES, INC.

COLONIAL RISK  -  050

Draft Issued Report (NO ULAE PAYMENTS)

Program Number: 050                                          Draft Issued for Claim # : 05020031223009

| Draft No. | Wire | Draft Amt. | Date Issued | System Date | Claim # | Claimant | Date of Service | Payee | Void |
|---|---|---|---|---|---|---|---|---|---|
| 500019277 | N | $572.98 | 11/03/04 | 11/03/04 | 05020031223009 | FRANCIS WINSLE | 73/03/04 - 03/26/04 | Corvel | |
| 500019280 | N | $743.25 | 11/03/04 | 11/03/04 | 05020031223009 | FRANCIS WINSLE | 08/16/04 - 09/13/04 | Corvel | |
| 500019651 | N | $86.08 | 11/12/04 | 11/12/04 | 05020031223009 | FRANCIS WINSLE | 09/23/04 - 09/23/04 | Rehabilitation Associates, P.A. | |
| 500020121 | N | $3.80 | 11/23/04 | 11/23/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500020312 | N | $853.67 | 11/29/04 | 11/29/04 | 05020031223009 | FRANCIS WINSLE | 10/18/04 - 10/18/04 | Glasgow Medical Center Llc | |
| 500020592 | N | $0.95 | 12/03/04 | 12/03/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500020605 | N | $180.00 | 12/03/04 | 12/03/04 | 05020031223009 | FRANCIS WINSLE | 09/16/04 - 10/13/04 | Corvel | |
| 500020669 | N | $168.00 | 12/06/04 | 12/06/04 | 05020031223009 | FRANCIS WINSLE | 10/18/04 - 10/18/04 | Papastavros' Assoc. Med Imag Llc | |
| 500020702 | N | $86.08 | 12/06/04 | 12/06/04 | 05020031223009 | FRANCIS WINSLE | 10/11/04 - 10/11/04 | Rehabilitation Associates, P.A | |
| 500020711 | N | $533.65 | 12/06/04 | 12/06/04 | 05020031223009 | FRANCIS WINSLE | 01/12/04 - 04/01/04 | Healthsouth Holdings, Inc. | |
| 500020804 | N | $1.90 | 12/08/04 | 12/08/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500021188 | N | $124.75 | 12/15/04 | 12/15/04 | 05020031223009 | FRANCIS WINSLE | 10/21/04 - 10/21/04 | Rehabilitation Associates, P.A. | |
| 500021302 | N | $168.00 | 12/17/04 | 12/17/04 | 05020031223009 | FRANCIS WINSLE | 11/01/04 - 11/01/04 | Papastavros' Assoc. Med Imag Llc | |
| 500021309 | N | $960.30 | 12/17/04 | 12/17/04 | 05020031223009 | FRANCIS WINSLE | 10/18/04 - 10/18/04 | Rehabilitation Associates. P.A. | |
| 500021322 | N | $22.66 | 12/20/04 | 12/20/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500021525 | N | $127.50 | 12/22/04 | 12/22/04 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500021793 | N | $86.35 | 12/28/04 | 12/28/04 | 05020031223009 | FRANCIS WINSLE | 11/04/04 - 11/04/04 | Rehabilitation Associates, P.A. | |
| 500021845 | N | $960.30 | 12/28/04 | 12/28/04 | 05020031223009 | FRANCIS WINSLE | 11/01/04 - 11/01/04 | Rehabilitation Associates, P.A | |
| 500022090 | N | $167.66 | 01/04/05 | 01/04/05 | 05020031223009 | FRANCIS WINSLE | 10/18/04 - 10/18/04 | Glasgow Medical Center Llc | |
| 500022244 | N | $29.02 | 01/07/05 | 01/07/05 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500022260 | N | $970.25 | 01/07/05 | 01/07/05 | 05020031223009 | FRANCIS WINSLE | 11/01/04 - 11/01/04 | Glasgow Medical Center Llc | |
| 500022409 | N | $86.35 | 01/12/05 | 01/12/05 | 05020031223009 | FRANCIS WINSLE | 12/02/04 - 12/02/04 | Rehabilitation Associates. P.A | |
| 500022410 | N | $86.35 | 01/12/05 | 01/12/05 | 05020031223009 | FRANCIS WINSLE | 11/24/04 - 11/24/04 | Rehabilitation Associates. P.A. | |
| 500022557 | N | $5.70 | 01/14/05 | 01/14/05 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500022649 | N | $850.00 | 01/19/05 | 01/19/05 | 05020031223009 | FRANCIS WINSLE | | Southern Orthopaedic Evaluation Services | |
| 500022728 | N | $26.76 | 01/20/05 | 01/20/05 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500022782 | N | $1,326.36 | 01/20/05 | 01/20/05 | 05020031223009 | FRANCIS WINSLE | 12/15/04 - 12/15/04 | Rehabilitation Associates, P.A. | |
| 500022812 | N | $168.00 | 01/21/05 | 01/21/05 | 05020031223009 | FRANCIS WINSLE | 12/15/04 - 12/15/04 | Papastavros' Assoc. Med Imag Llc | |
| 500023090 | N | $0.95 | 01/27/05 | 01/27/05 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500023521 | N | $50.00 | 02/03/05 | 02/03/05 | 05020031223009 | FRANCIS WINSLE | | The Intel Group Inc | |
| 500024042 | N | $194.43 | 02/14/05 | 02/14/05 | 05020031223009 | FRANCIS WINSLE | 01/06/05 - 01/06/05 | Rehabilitation Associates. P.A. | |
| 500024121 | N | $50.00 | 02/15/05 | 02/15/05 | 05020031223009 | FRANCIS WINSLE | 01/05/05 - 01/05/05 | David Zabel, M.D. | |
| 500024128 | N | $86.35 | 02/15/05 | 02/15/05 | 05020031223009 | FRANCIS WINSLE | 12/29/04 - 12/29/04 | Rehabilitation Associates, P.A. | |
| 500024132 | N | $117.90 | 02/15/05 | 02/15/05 | 05020031223009 | FRANCIS WINSLE | 01/14/05 - 01/14/05 | Rehabilitation Associates, P.A. | |
| 500024311 | N | $725.00 | 02/17/05 | 02/17/05 | 05020031223009 | FRANCIS WINSLE | | Independent Medical Evaluations | |
| 500024357 | N | $2,304.36 | 02/17/05 | 02/17/05 | 05020031223009 | FRANCIS WINSLE | | Marshall, Dennehey, Warner, Coleman & Go | |
| 500024375 | N | $48.33 | 02/17/05 | 02/17/05 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500024793 | N | $2,145.46 | 02/28/05 | 02/28/05 | 05020031223009 | FRANCIS WINSLE | 09/15/04 - 12/29/04 | Rehabilitation Associates, Pa | |

Created by:    MOCKMAN              Generated on:    06/02/05 03:01 PM                   Page 5 of 6

## NORTH AMERICAN RISK SERVICES, INC.

### COLONIAL RISK  -  050

### Draft Issued Report (NO ULAE PAYMENTS)

Program Number: 050                                    Draft Issued for Claim # : 05020031223009

| Draft No. | Wire | Draft Amt. | Date Issued | System Date | Claim # | Claimant | Date of Service | Payee | Void |
|---|---|---|---|---|---|---|---|---|---|
| 500025197 | N | $74.70 | 03/10/05 | 03/10/05 | 05020031223009 | FRANCIS WINSLE | 02/03/05 - 02/23/05 | Rehabilitation Associates  P.A | |
| 500025199 | N | $86.35 | 03/10/05 | 03/10/05 | 05020031223009 | FRANCIS WINSLE | 01/27/05 - 01/27/05 | Rehabilitation Associates.  P.A | |
| 500025225 | N | $3.81 | 03/11/05 | 03/11/05 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500025246 | N | $216.60 | 03/11/05 | 03/11/05 | 05020031223009 | FRANCIS WINSLE | 02/22/05 - 02/22/05 | Independent Medical Evaluations | |
| 500025324 | N | $0.95 | 03/14/05 | 03/14/05 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500025675 | N | $12,500.00 | 03/21/05 | 03/21/05 | 05020031223009 | FRANCIS WINSLE | | Weiss & Saville & Francis Winsley | |
| 500025957 | N | $625.00 | 03/28/05 | 03/28/05 | 05020031223009 | FRANCIS WINSLE | 03/10/05 - 03/10/05 | The Intol Group Inc | |
| 500026247 | N | $1,684.36 | 04/04/05 | 04/04/05 | 05020031223009 | FRANCIS WINSLE | | Glasgow Medical Center Llc | |
| 500026439 | N | $15.88 | 04/08/05 | 04/08/05 | 05020031223009 | FRANCIS WINSLE | | Legal Bill Review Inc | |
| 500026444 | N | $52.50 | 04/08/05 | 04/08/05 | 05020031223009 | FRANCIS WINSLE | 02/07/05 - 02/13/05 | Corvel | |
| 500026450 | N | $118.32 | 04/08/05 | 04/08/05 | 05020031223009 | FRANCIS WINSLE | | Corbett & Associates | |
| 500026452 | N | $204.00 | 04/08/05 | 04/08/05 | 05020031223009 | FRANCIS WINSLE | | Corbett & Associates | |
| 500026770 | N | $0.95 | 04/18/05 | 04/18/05 | 05020031223009 | FRANCIS WINSLE | | Corvel | Y |
| 500026770 | N | -$0.95 | 04/18/05 | 04/19/05 | 05020031223009 | FRANCIS WINSLE | | Corvel | Y |
| 500026903 | N | $86.63 | 04/19/05 | 04/19/05 | 05020031223009 | FRANCIS WINSLE | 02/17/05 - 02/17/05 | Rehabilitation Associates,  P.A. | |
| 500026931 | N | $0.95 | 04/19/05 | 04/19/05 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500027217 | N | $0.95 | 04/25/05 | 04/25/05 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500027377 | N | $86.35 | 04/28/05 | 04/28/05 | 05020031223009 | FRANCIS WINSLE | 12/30/04 - 12/30/04 | Rehabilitation Associates.  P.A. | |
| 500027436 | N | $3,865.83 | 04/28/05 | 04/28/05 | 05020031223009 | FRANCIS WINSLE | 01/03/05 - 03/28/05 | Marshall Dennehey Warner Coleman & Goggin | |
| 500027440 | N | $0.95 | 04/28/05 | 04/28/05 | 05020031223009 | FRANCIS WINSLE | | Corvel | |
| 500027755 | N | $400.00 | 05/05/05 | 05/05/05 | 05020031223009 | FRANCIS WINSLE | 03/08/05 - 03/08/05 | Independent Medical Evaluations | |
| 500028390 | N | $350.00 | 05/19/05 | 05/19/05 | 05020031223009 | FRANCIS WINSLE | 03/10/05 - 03/10/05 | Independent Medical Evaluations | |
| 500028665 | N | $1,250.00 | 05/26/05 | 05/26/05 | 05020031223009 | FRANCIS WINSLE | 03/09/05 - 03/09/05 | Independent Medical Evaluations | |

Number of Items:          210

Total Drafts:          $81,616.66

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
B.F. Rich Co., Inc.

## DEFENDANTS
Clarendon National Insurance Company

**(b)** County of Residence of First Listed Plaintiff :  New Castle, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:  New Jersey
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (Firm Name, Address, and Telephone Number) Kimberly L. Gattuso, Esq., Saul Ewing LLP, 222 Delaware Avenue, Suite 1200, P.O. Box 1266 Wilmington, DE 19899-1266  (302) 421-6868

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS – Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District (Specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
28 U.S. C. §§ 1332 and 2201

Brief description of cause: **Claim for accounting, breach of contract, insurance bad faith and breach of contract (good faith and fair dealing resulting from failure to investigate workers' compensation claim.**

## VII. REQUESTED IN COMPLAINT
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: 1/26/07

SIGNATURE OF ATTORNEY OF RECORD
*Kimberly L. Gattuso*

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____