IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| B.F. RICH CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 07-51 (JJF) |
| CLARENDON NATIONAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ANSWER

1. Admitted.

2. Denied as stated. Admitted that the defendant is a corporation of the State of New Jersey, with headquarters at 466 Lexington Avenue, New York, NY 10017. Admitted, too, that the defendant is qualified with the Insurance Commissioner of the State of Delaware to engage in the business of entering into contracts of insurance, including workers' compensation coverages.

3. Admitted that the parties are of diverse citizenship and that the Court has *in personam* jurisdiction over the defendant. The remaining averments of this paragraph are denied.

4. Admitted.

5. Admitted upon information and belief.

.\330531v1

6. Denied as stated. Admitted that the defendant engages in the business of entering into contracts of insurance, including workers' compensation coverages applicable to employees in the State of Delaware.

7. Denied as stated. Admitted that Clarendon National Insurance Company Workers Compensation and Employers Liability Insurance Policy No. CNBM0037-02 insured an entity called "Chariot Management, Inc." during a policy period of 10/01/2002 to 10/01/2003, which policy speaks for itself.

8. Denied as stated. Admitted that the provisions of Clarendon policy No. CNBM0037-02 speak for themselves.

9. Denied as stated. Admitted that the provisions of Clarendon policy No. CNBM0037-02 speak for themselves.

10. Denied as stated. Admitted that Clarendon policy No. CNBM0037-02 has a Delaware Deductible Endorsement which speaks for itself.

11. Denied as stated. Admitted that Clarendon policy No. CNBM0037-02 has a Delaware Deductible Endorsement which speaks for itself.

12. Denied as stated. Admitted that Clarendon policy No. CNBM0037-02 has a Delaware Deductible Endorsement which speaks for itself.

13. Denied as stated. Admitted that Clarendon policy No. CNBM0037-02 has a Delaware Deductible Endorsement which speaks for itself.

14. Denied as stated. Admitted that PNC Bank issued a Letter of Credit in favor of the defendant.

15. Denied as stated. Admitted that WSFS issued a Letter of Credit in favor of the defendant.

16. Admitted that Francis Winsley, an employee of the plaintiff at its Newark, Delaware plant, asserted a workers' compensation claim following a workplace incident on September 10, 2003. Defendant is without knowledge or information sufficient to admit the truth of the remaining averments of this paragraph.

17. Admitted that Francis Winsley, an employee of the plaintiff at its Newark, Delaware plant, asserted a workers' compensation claim following a workplace incident on September 10, 2003. Defendant is without knowledge or information sufficient to admit the truth of the remaining averments of this paragraph.

18. Admitted upon information and belief, except that the RSKCo. claim number was 900519288.

19. Denied.

20. Denied.

21. Denied as stated. Admitted that investigation found that Winsley had made prior insurance claims.

22. Denied.

23. Denied.

24. Denied as stated. Admitted that the Winsley claim file was transferred from RSKCo. to NARS effective as of December 23, 2003.

25. Denied as stated. Admitted that there was communication between BF Rich Co. and NARS which reflected the plaintiff's concern about the initial response to the Winsley claim.

26. Denied as stated. Admitted that surveillance on Winsley depicted him indulging in activity that could be interpreted, depending on many factors, either as not

inconsistent with or inconsistent with the scope of the physical restrictions that had been imposed on him.

27. Denied as stated. Admitted that an independent medical exam by Dr. Spieker in March 2004 characterized Winsley as being capable of performing certain work, but with physical restrictions, and requested a functional capacity exam to further define the potential scope of future work.

28. Denied as stated. Admitted that the plaintiff required Winsley to submit to a "Fit for Duty" evaluation before it would allow him back into its plant, thus delaying his return until May 27, 2004.

29. The defendant is without knowledge or information sufficient to admit the truth of the averments of this paragraph.

30. The defendant is without knowledge or information sufficient to admit the truth of the averments of this paragraph.

31. The defendant is without knowledge or information sufficient to admit the truth of the averments of this paragraph.

32. Denied as stated. Admitted that an attorney representing B.F. Rich Co. filed with the Delaware Industrial Accident Board, in approximately September 2004, a Petition for Review of Winsley's entitlement to receive further worker's compensation benefits.

33. Denied as stated. Admitted that, in March 2005, Winsley's attorney and counsel representing Winsley's employer negotiated and concluded an agreement to settle all remaining features of the former's worker's compensation claim, including permanency and future medical expenses, for a lump sum of $12,500.00.

34.  Denied.

35.  Defendant reasserts its answers to paragraphs 1-34 above as if specifically set forth herein.

36.  Admitted.

37.  Admitted.

38.  Denied.

39.  Admitted.

40.  The defendant is without knowledge or information sufficient to admit the truth of the averments of this paragraph.

41.  The defendant is without knowledge or information sufficient to admit the truth of the averments of this paragraph.

42.  Denied.

43.  Denied as stated. Admitted that the defendant urged the plaintiff to reimburse it for worker's compensation payments made under Clarendon policy No. CNBM0037-02 and, as a feature of this process, reminded the plaintiff of Clarendon's rights under the applicable Letter of Credit.

44.  Denied as stated. Admitted that the plaintiff had outside counsel contact the defendant in an effort to avoid a draw on the Letter of Credit.

45.  Denied as stated. Admitted that, in the context of the plaintiff's effort to avoid a draw on the Letter of Credit, the defendant provided the plaintiff with information relating to the Winsley file.

46.  The defendant is without knowledge or information sufficient to admit the truth of the averments of this paragraph.

47. Denied.

48. Denied as stated. Admitted that the plaintiff's outside counsel requested certain CD-ROMs containing Winsley claim-related information.

49. Denied as stated. Admitted that plaintiff's outside counsel was advised that certain information would not be provided to him, and that among the reasons for non-disclosure was a concern that the release of certain information might violate the law.

50. Denied as stated. Admitted that, on May 25, 2006, Clarendon issued a sight draft to WSFS Bank with respect to the Letter of Credit.

51. Denied as stated. Admitted that, at certain points during communications between plaintiff's outside counsel and Clarendon, the defendant agreed to delay drawing on the Letter of Credit.

52. Denied as stated. Admitted that, at certain points during communications between plaintiff's outside counsel and Clarendon, the defendant indicated that it would exercise its rights under the Letter of Credit.

53. Denied as stated. Admitted that, in June 2006, the plaintiff reimbursed the defendant for certain of Clarendon's payments to Winsley on behalf of B.F. Rich Co.

## COUNT I

54. Defendant reasserts its answers to paragraphs 1-53 above as if specifically set forth herein.

55. To the extent that this paragraph's asserts a legal conclusion it requires no response. To the extent that an answer is required, the averments of this paragraph are denied.

56. To the extent that this paragraph's asserts a legal conclusion it requires no response. To the extent that an answer is required, the averments of this paragraph are denied.

57. Denied.

58. Denied.

## COUNT II

59. Defendant reasserts its answers to paragraphs 1-58 above as if specifically set forth herein.

60. Denied as stated. Admitted that Clarendon policy No. CNBM0037-02 speaks for itself.

61. Denied as stated. Admitted that Clarendon policy No. CNBM0037-02 speaks for itself.

62. Denied.

63. Denied as stated. Admitted that Clarendon policy No. CNBM0037-02 speaks for itself.

64. a.-h.   Denied.

65. Denied.

## COUNT III

66. Defendant reasserts its answers to paragraphs 1-65 above as if specifically set forth herein.

67. Denied as stated. Admitted that Clarendon policy No. CNBM0037-02 speaks for itself.

68. Denied.

69. Denied.

70. Denied.

## COUNT IV

71. Defendant reasserts its answers to paragraphs 1-70 above as if specifically set forth herein.

72. Denied as stated. Admitted that Clarendon policy No. CNBM0037-02 speaks for itself.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's various causes of action fail to state claims upon which relief can be granted.

2. All or some of plaintiff's claims are barred by the applicable statute of limitations.

3. Lack of subject matter jurisdiction.

4. The doctrine of collateral estoppel applies to bar all of plaintiff's claims by virtue of a determination by the Delaware Fraud Prevention Bureau of the Office of the Insurance Commissioner of the State of Delaware.

WHEREFORE, defendant demands judgment in its favor and that the Complaint be dismissed with costs taxed against plaintiff.

                          PRICKETT, JONES & ELLIOTT, P.A.

BY: _____/s/ Paul M. Lukoff_____
     PAUL M. LUKOFF (I.D. No. 96)
     David E. Brand (I.D. No.201)
     1310 King Street
     P. O. Box 1328
     Wilmington, DE 19899
     (302) 888-6500
     Attorneys for Defendant

DATED:  March 30, 2007

# CERTIFICATE OF SERVICE

      I hereby certify that on **March, 30, 2007**, I electronically filed the **ANSWER** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

      Kimberly L. Gattuso, Esquire
      Saul Ewing LLP
      222 Delaware Avenue, Suite 1200
      P.O. Box 1266
      Wilmington, DE  19899-1266

                    /s/ Paul M. Lukoff
                    PAUL M. LUKOFF (I.D. No. 96)
                    DAVID E. BRAND (I.D. No. 201)
                    Prickett, Jones & Elliott, P.A.
                    1310 King Street
                    Wilmington, DE  19801
                    (302) 888-6500